1   UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

2

3   DONALD R. HUENE
    IN PROPRIA PERSONA
4   7429 N. VALENTINE
    FRESNO, CA  93711
5   (559) 431-1639

6           Plaintiff,

7   v.

8   U.S. DEPARTMENT OF THE TREASURY
    INTERNAL REVENUE SERVICE
9   1111 CONSTITUTION AVENUE
    WASHINGTON, DC  20224
10
    and
11
    ANTHONY SHELLY
12  INTERNAL REVENUE SERVICE
    2525 CAPITOL STREET, SUITE 204
13  FRESNO, CA  93721-2227

14  Does I through X

15          Defendants.

16

17          Dated this _____

18

**FILED**

AUG 0 5 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

CASE NO:

COMPLAINT FOR INJUNCTIVE,
DECLARATORY AND MONETARY RELIEF

7: 11 CV 01306  AWI SKO

19          COMPLAINT FOR INJUNCTIVE DECLARATORY AND MONETARY RELIEF

20      1.    This is an action under the Privacy Act of 1974, 5 U.S.C. § 552(a)

21  et seq., the Freedom of Information Act, U.S.C. § 552(1) et seq., for injunctive,

22  declaratory and monetary relief pursuant to the aforementioned.  Federal Declaratory

23  Judgement Act 28 U.S.C. § 2201 and 42 U.S.C. § 1983.

24                          JURISDICTION

25      2.    This Court has jurisdiction over this action pursuant to 5 U.S.C.

26  § 552a(g)(1) section 552(a)(B), and U.S.C. § 1311.

27

28  **RECEIVED**

VENUE

**LODGED**

AUG 0 5 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

1

AUG 0 5 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

3.     Venue is appropriate in the Eastern District of California United States District Court pursuant under U.S.C. § 552(a)(g)(5), § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTY

4.     Plaintiff Donald R. Huene is a private individual appearing in propria persona and is proceeding to request injunctive, declaratory and monetary relief pursuant to the aforementioned.  Plaintiff, Donald R. Huene is a citizen of the United States and a long-time resident of the area of jurisdiction of the United States District Court for the Eastern District of California.

5.     Defendant in the United States Department of Treasury is an agency established by the executive branch in the United States Government. Internal Revenue Service is an agency within the meaning of 5 U.S.C. § 552(f)(1)(209).  The Internal Revenue Service is also an agency within the meaning of 5 U.S.C. § 552(f)(1)(2009).

6.     Anthony Shelly is an agent for the aforementioned agency, Internal Revenue Service.

## FACTS

7.     Defendant Internal Revenue Service has previously ordered the Plaintiff for examinations of scheduled F filings on numerous occasions. Defendants decided to renew their examination of Plaintiff and requested a meeting.  On December 14, 2010, Plaintiff granted permission for Richard Holland and Necia Wollerman to represent Plaintiff and they were given power of attorney to contact and complete the audit.

8.     Agents, including Defendant Anthony Shelly and the agent whom he supervised, Siu Chan, requested voluminous records, almost all of which were in their possession.  As a result, Plaintiff decided that the audit would have to be managed in propria persona.

2

1   As a consequence, Plaintiff wrote a letter dated April 7, 2011 addressed to
2   Ms. Chan confirming previous contacts. Plaintiff notified them that he was
3   appearing for the audit and that all present and subsequent litigation in
4   propria persona. Consequently, Ms. Siu Chan and Defendant Anthony Shelly
5   were hereby instructed to contact only Plaintiff, the party in propria
6   persona. This letter was to clarify previous correspondence which may not
7   have been specifically clear and apparently was not understood by Ms. Chan.

8         9.     This letter of April 7, 2011 documented the previous assumption
9   that Plaintiff had that Richard L. Holland was no longer to represent him in
10  the appearance before the Internal Revenue Service and I was to be the only
11  contact. In the fact that this letter documented that I was rescinding the
12  previous power of attorney granted to Richard L. Holland.

13        10.    On or about June 6, 2011, I received an e-mail from Richard L.
14  Holland, CPA indicating  Mr. Shelly took it upon himself not to contact me
15  but to just contact Mr. Holland without either copying me or notifying me of
16  his contact with Mr Holland.

17        11. In a letter dated June 7, 2011, I confirmed the fact that I
18  rescinded completely Mr. Holland's power of attorney, as I was acting as
19  myself in propria persona. I notified him that I found out he had phoned Mr.
20  Holland despite my telling him not to. I notified Mr. Shelly in a letter
21  dated June 7, 2011, that 1 was getting billed from Mr. Holland which should
22  be Mr. Shelly's responsibility because I gave no authorization for him to
23  contact Mr. Holland as the power of attorney had been rescinded. I further
24  informed Mr. Shelly that this was a breach and unlawful disclose of tax
25  information which was in violation of the law (IRC § 6103(a).

26        12.    It is noted that the Internal Revenue Service phoned Mr. Holland
27  instead of me despite being clearly documented that I was the only one to be
28  contacted directly.

3

13.    Secondary to Mr. Shelly's unauthorized phone calls, I began receiving bills from Mr. Holland for these contacts. I informed Mr. Shelly that he had no authorization to contact Mr. Holland and I thought there was a breach and unlawful disclosure of information which was precluded and unlawful pursuant to IRC § 6103(a).

14.    Giving Mr. Shelly the benefit of the doubt that he had not been properly informed by Ms. Chan of my mandates, in a letter dated June 7, 2011, 1 requested him that if this was, in fact, a simple error and not willful, wanton, or malicious, that I would accept an apology from him within the next five (5) days if this action was inadvertent and not a willful, wanton, and malicious disclosure of tax information prohibited by IRC 6103(a) by disclosing information to an unauthorized person after a power of attorney has been rescinded. If Defendant Shelly had acted willfully, wantonly, and maliciously violating IRC 6103(a), he would not respond, and I would conclude and assume that the disclosure was willful, wanton, and malicious and not simply inadvertent.

15.    Mr. Shelly never responded to my request and consequently, he confirmed that his disclosure was a willful, wanton, and malicious, violation of IRC § 6103(a). By Defendant Anthony Shelly's silence, he acknowledged and affirmed that his contact with Mr. Holland was willful, wanton, and malicious.

16.    On or about July 6, 2011, Mr. Shelly, despite my admonition, requests, and mandates not to, again contacted Mr. Holland directly.

17.    In a letter dated July 11, 2011, I informed Defendant Shelly that he had a serious breach of the law which was both malicious and willful. I noted that by his silence, he had acknowledged and consented to his actions as willful, wanton, and malicious. It was noted in that letter that since Defendant Shelly had not responded to my request to explain his actions, I reasonably assumed that he did not wish to explain. As a consequence of his contact with Mr. Holland, I was getting bills from Mr. Holland for his illegal contacts which were not permitted by law. It was noted that these

4

1  contacts were costly, costing Plaintiff money and time and all these contacts
2  were unnecessary, unlawful, and resulting in no resolution of the problem
3  presented.

4  18.   Mr. Shelly was further informed that he had no authorization to
5  contact the CPA.  Contacts by Mr. Shelly to the certified public accountant
6  were costing the Plaintiff money and these contacts were unnecessary,
7  unlawful, and resulting in no resolution.

8  19.   Despite all the prior letters and correspondence telling Mr.
9  Shelly that the power of attorney had been rescinded and he had no authority
10 to deal with my accountant directly, he nonetheless continued to contact him
11 which represented continued willful, wanton, and malicious violation of the
12 Internal Revenue code.  Defendant Anthony Shelly did this knowing that Mr.
13 Holland's time was expensive, not to the Defendant Shelly, but rather to the
14 Plaintiff himself.  Mr. Shelly presented himself to Mr. Holland to be a
15 government agent with authority when he called the accountant knowing that
16 the accountant, Richard Holland, knowing that he had no such authority, any
17 reasonable person would have known that this was a violation of the Fourth
18 Amendment of the United States Constitution making the action willful, wanton,
19 and malicious.

20 20.   Plaintiff documents that Defendant Anthony Shelly violated Plaintiff's
21 Civil Rights under 42 United States Code Section 1983.  Defendants have violated the
22 Fourth Amendment by orally searching and seizing information that they were not
23 entitled to obtain in the manner of which it was obtained.

24 21.   Defendants have done this under color of law, although they had
25 no legal authority to do so as aforementioned.

26 22.   Defendant Anthony Shelly was given time to explain his previous
27 actions and he chose to ignore or waive that opportunity, leading to the
28 conclusion that Mr. Shelly, in fact, do this willfully, maliciously, and

5

1  simply because he could.

2      23.    The Plaintiff alleges that as a direct result of the unlawful
3  actions by the defendant, the Plaintiff has sustained both monetary and time
4  damages.

5      24.    There has been no response at all from Defendant Shelly suggesting
6  that these breaches were inadvertent and not wanton, willful and malicious.

7  FIRST CAUSE OF ACTION (PRIVACY ACT /FREEDOM OF INFORMATION ACT - DENIAL OF
8                          ACCESS TO RECORDS)

9      25.    Plaintiff repeats and realleges the allegations contained in the
10  aforementioned paragraphs inclusively.

11     26.    Plaintiffs have requested under the Privacy and Freedom of
12  Information Act copy of all information maintained about Plaintiff.   A
13  voluntary extension was given by Plaintiff so Defendants could comply.   A
14  suit was filed when the Defendants failed to reply in the time granted by
15  Plaintiff for Defendants to obtain the records.

16          SECOND CAUSE OF ACTION (PRIVACY ACT - IMPROPER DISSEMINATION)

17     .27.    Plaintiff repeats and realleges all the allegations contained in
18  the aforementioned paragraphs.   Defendant Internal Revenue Service and
19  Defendant Shelly, in violation of § (d)(1) of the Privacy Act, Defendants failed
20  to secure written authorization to request information as noted above.  Disclosures
21  were not permitted by routine exception and Defendants failed to clarify whether or
22  not there was any exception to the provisions of the Privacy Act.

23     28.    As a result, the Defendants violation of the Privacy Act,
24  Plaintiff has suffered adverse and harmful effects including but not limited
25  to mental distress, emotional distress, embarrassment, humiliation, and
26  suffered monetary damages secondary to this improper disclosure.

27          THIRD CAUSE OF ACTION - VIOLATION OF CIVIL RIGHTS

28     29.    Plaintiff alleges that Defendants have violated his civil rights

6

1   under 42 U.S. Code § 1983.  Defendants have violated the fourth amendment by orally
2   searching and seizing information they were not entitled to obtain in the manner that
3   the Defendants obtained it.  Defendants did this under color of law although they had
4   no legal authority to do so.

5   30.   In a letter dated June 7, 2011, Plaintiff asked said Defendant
6   IRS Agent Shelly to explain why he had made the contact of June 6, 2001 after
7   the letter of April 7, 2001 revoking such authority and said Defendant chose
8   to ignore the inquiry.  When Plaintiff asked to have Defendants explain their
9   actions, they chose to ignore and waive that opportunity.  Instead, said
10  Defendant made a further unauthorized and unconstitutional contact with
11  Plaintiff's accountant on July 6, 2011.  Defendant did this knowing that he
12  had been told specifically that he had no such authorization or consent,
13  knowing he had no legal authority to make such contacts and knowing he
14  possessed no warrant, all of said activity being willful, wanton and
15  malicious.  In sum, Defendant Shelly did this by claiming authority he knew
16  he did not have. This would let any person conclude that Defendants did this
17  willfully, wantonly, and maliciously, and simply because they could.

18  31.   In spite of all directives, withdrawal and rescinding of all
19  previous consent, said Defendant Shelly repeatedly contacted the accountant,
20  Richard Holland, seeking and gaining and gaining information to be used
21  against Plaintiff in the ongoing audit. All theses unauthorized and
22  warrantless contacts were searches and seizures without consent and without
23  warrant, and therefore and thereby in violation of the Plaintiff's 4th
24  Amendment rights and therefore in violation of Plaintiff's Civil Rights
25  pursuant to 42 USC 1983.

26  32.   As a result of the aforementioned unlawful actions, it has cost
27  Plaintiff both time and money and Plaintiff has suffered monetary loss.
28  Secondary to the egregious, wanton, willful and malicious actions of
    Defendants, Plaintiff is hereby and therefore entitled to punitive damages.

7

1    WHEREFORE, Plaintiff Donald R. Huene requests that the Court award him
2    the following relief:

3       1.    Declare the Defendant Anthony Shelly and Defendant Internal
4    Revenue Service violated the Privacy and Freedom of Information Acts as
5    aforementioned;

6       2.    Declare that Defendant Anthony Shelly and Defendant Internal
7    Revenue Service violated the civil rights of the Plaintiff;

8       3.    Order the Defendants to immediately release all requested records
9    in their entirety to the Plaintiff.

10      4.    Award Donald R. Huene any actual damage under 5 U.S.C. § 552(a)(g)
11   (4)(A) the exact amount of which to be determined at trial but is not less than
12   $1000.00;

13      5.    Award Plaintiff Donald R. Huene punitive damages from Defendant
14   Anthony Shelly for violation of Plaintiff's Civil Rights.

15      6.    Award costs and attorney fees as provided by 5 U.S.C. §
16   552a(g)(3)(B) and § 552a(g)(4)(B), § 552(a)(4)(E), and U.S.C. § 2412 (d), and under
17   42 U.S.C. § 193.

18      7.    Refer Anthony Shelly, who is responsible for violating the
19   Privacy Act for prosecution under 5 U.S.C. § 552a(i)(1);

20      8.    Expedite this action in every way pursuant to 28 U.S.C. § 1657 (a) and
21   grant such other and further relief as the court may deem just and proper.

22
                                        Respectfully submitted,
23
                                        By: _Donald R. Huene_
24
                                        Donald R. Huene
25                                      In propria persona
                                        7429 N. Valentine
26                                      Fresno, CA  93711
                                        (559) 431-1639
27

28

                                        8