1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    DONALD R. HUENE,

11              Plaintiff,                    No. 2:11-cv-02110 JAM KJN PS

12         v.

13    U.S. DEPARTMENT OF THE
      TREASURY, INTERNAL REVENUE
14    SERVICE; and ANTHONY SHELLEY,

15              Defendants.                   ORDER
      _____/
16

17              On March 1, 2012, the undersigned conducted a status (pretrial scheduling)

18    conference in this action, in which plaintiff asserts claims pursuant to the Freedom of

19    Information Act ("FOIA"), 5 U.S.C. § 552; the Privacy Act, 5 U.S.C. § 552a; and 42 U.S.C.

20    § 1983.[1]  Plaintiff, who is proceeding without counsel, appeared by telephone and represented

21    himself.  Although defendants failed to file a status report in advance of the scheduling

22    conference, attorney Anne E. Blaess of the U.S. Department of Justice appeared at the

23

24    _____

25          [1]  This action proceeds before the undersigned pursuant to Eastern District of California
      Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  This case is related to the matter of Huene v. U.S.
26    Department of the Treasury, Internal Revenue Service, et al., No. 2:11-cv-02109 JAM KJN PS (E.D.
      Cal.).

                                              1

1   conference[2] by telephone on behalf of the Internal Revenue Service ("IRS").[3]

2          The undersigned declines to enter a formal scheduling order in this case at this

3   time for two reasons.  First, there is a reasonable possibility that plaintiff will dismiss his FOIA

4   claim in the near term.  As an initial matter, that FOIA claim appears to be duplicative of

5   plaintiff's FOIA claim in case number 2:11-cv-02109 JAM KJN PS.  In any event, plaintiff has

6   consistently stated that he simply seeks the documents at issue and believed that the parties had

7   already agreed to a protocol for disclosure and, if necessary, *in camera* review of the documents

8   by the court.  At the scheduling conference, plaintiff was agreeable to a stipulation of dismissal

9   of the FOIA claim in this case if the IRS satisfactorily provides him with the requested

10  documents.  Ms. Blaess represented at the scheduling conference that the IRS has provided her

11  with a cache of responsive documents that she believes she can provide to defendant within

12  seven to ten days.  She represented that any redactions of those documents could be addressed by

13  way of dispositive motions and an *in camera* review by the court.  Accordingly, the court orders

14  the IRS to deliver the subject documents to plaintiff within ten days of the date of this order.  The

15  parties shall thereafter file a joint status addressing whether this case has been resolved to

16  plaintiff's satisfaction or should proceed to the filing of a dispositive motion or motions,

17  ////

18

19          [2] Ms. Blaess represented that although she intended to file a status report in this case on
    February 23, 2012, she somehow accidentally filed the status report for this case in another action.
20  Ms. Blaess did not provide a case number for the case in which the status report was actually filed.
    The IRS filed its status report following the scheduling conference (Dkt. No. 13), with leave of court.
21  However, Ms. Blaess did not adequately explain to the court her failure to reasonably communicate
    with plaintiff regarding the preparation of a joint status report, despite plaintiff's repeated attempts
22  to facilitate such a joint filing.

23          [3] Until recently, there existed a measure of confusion regarding whether Ms. Blaess
    represented defendant Shelley in this case.  Although on December 22, 2011, Ms. Blaess appeared
24  as "Counsel for defendants" and moved the court for a continuance of the scheduling conference
    (Defs.' Mot. for Ext. of Time at 1, Dkt. No. 6), she later filed an answer and status report only on
25  behalf of the IRS (Dkt. Nos. 9, 13).  Nevertheless, on February 29, 2012, Ms. Blaess again appeared
    on Shelley's behalf and filed a motion to dismiss on his behalf (Dkt. Nos. 10-11).  That motion was
26  defectively filed, and Ms. Blaess re-filed that motion on March 1, 2012 (Dkt. No. 14-16).

1  including possible provision of a so-called "Vaughn index."[4]  See Lane v. Dep't of Interior, 523

2  F.3d 1128, 1134 (9th Cir. 2008) ("While ordinarily the discovery process grants each party

3  access to evidence, in FOIA . . . cases discovery is limited because the underlying case revolves

4  around the propriety of revealing certain documents.  Accordingly, in these cases courts may

5  allow the government to move for summary judgment before the plaintiff conducts discovery.")

6  (citation omitted).  The court entered a similar order in the related case numbered 2:11-cv-02109

7  JAM KJN PS.

8          Second, defendant Shelley's motion to dismiss is pending before the court and is

9  scheduled for a hearing on April 12, 2012.  The court can more appropriately schedule this case

10 after resolution of the motion, which will determine whether Shelley is a party to this action or

11 merely a witness.

12          For the foregoing reasons, IT IS HEREBY ORDERED that:

13          1.      Within ten days of the date of this order, the IRS shall deliver to plaintiff

14 the documents that it believes are responsive to plaintiff's FOIA request.  Within seven days of

15 such delivery, the IRS shall file written notice with the court confirming timely delivery to

16 plaintiff.

17          2.      Within 45 days of the date of this order, the parties shall file a *joint* status

18 report addressing whether: (1) following delivery of the subject documents, plaintiff is satisfied

19 with the document production such that the parties intend to file a stipulation dismissing this

20 action; or (2) the court should set a deadline for the filing of dispositive motions concerning the

21 ////

22 ////

23

24 ____

[4]  Because of the requesting party's lack of knowledge regarding the documents withheld in a FOIA action, "government agencies seeking to withhold documents requested under the FOIA have been required to supply the opposing party and the court with a 'Vaughn index,' identifying each document withheld, the statutory exemption claimed, and a particularized explanation of how disclosure of the particular document would damage the interest protected by the claimed exemption." Weiner v. FBI, 943 F.2d 972, 977 (9th Cir. 1991) (footnote and citations omitted).

3

documents produced[5] or impose some other schedule.

        3.     Any failure to reasonably communicate with plaintiff on the part of the IRS or Ms. Blaess may result in the imposition of sanctions against the IRS, Ms. Blaess, or both.

        4.     The court will enter a formal scheduling order in this case after resolution of the motion to dismiss filed by defendant Anthony Shelley.

        IT IS SO ORDERED.

DATED:  March 2, 2012

                                     KENDALL J. NEWMAN
                                       UNITED STATES MAGISTRATE JUDGE

---

[5]  Any request for the use of dispositive motions to resolve this case should include a proposed deadline for filing such motions and a proposed briefing schedule.