IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD R. HUENE,

      Plaintiff,

      v.

U.S. DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE; and ANTHONY SHELLY,

      Defendants.

No. 2:11-cv-02110 JAM KJN PS

FINDINGS AND RECOMMENDATIONS

Presently before the court is defendant Anthony Shelly's motion to dismiss plaintiff's claims against Shelly for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. Nos. 14-15).[1]  Shelly moves to dismiss plaintiff's claims brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, for lack of subject matter jurisdiction and for failure to state a claim.[2]  Shelly

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] The other named defendant in this case, the Internal Revenue Service ("IRS") filed an answer to plaintiff's complaint (Dkt. No. 9).

1

moves to dismiss plaintiff's claim asserted pursuant to 42 U.S.C. § 1983 for failure to state a claim on the grounds that Shelly is not a state actor and did not act under color of state law. Plaintiff opposes Shelly's motion to dismiss (Dkt. Nos. 19-20).

Because oral argument would not materially aid the resolution of the pending motion, this matter is submitted on the briefs and record without a hearing. See Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g).

The undersigned has considered the briefs and appropriate portions of the record in this case and, for the reasons stated below, recommends that Shelly's motion to dismiss be granted. Specifically, the undersigned recommends that plaintiff's FOIA claim be dismissed with prejudice as to Shelly because Shelly is not a proper defendant as to such a claim. Additionally, the undersigned recommends that plaintiff's Privacy Act claims be dismissed with prejudice as to Shelly because Shelly is not a proper defendant in regards to such claims. Finally, the undersigned recommends that plaintiff's Section 1983 claim be dismissed with prejudice as to Shelly because Shelly is not a state actor and did not act under color of state law. However, the undersigned recommends that plaintiff be granted leave to file an amended complaint that attempts to assert a proper claim or proper claims against Shelly as a federal actor.

I.   BACKGROUND

Generally, plaintiff's complaint concerns the actions of the IRS and its agents in connection with a continuing tax audit of plaintiff. Plaintiff alleges that the IRS had "previously ordered Plaintiff for examinations of scheduled [*sic*] F filings on numerous occasions," and "decided to renew their examination." (Compl. ¶ 7.) Plaintiff alleges that on December 14, 2010, he "granted permission for Richard Holland and Necia Wollerman to represent [him] and they were given power of attorney to contact and complete the audit." (Id.) Plaintiff identifies Wollerman as a certified public accountant (see id. ¶ 10), but it is unclear who Wollerman is and what roles he or she played in the events alleged in the complaint.

Plaintiff alleges that two agents of the IRS, defendant Anthony Shelly and Siu

Chan, requested voluminous records in connection with the audit. (See Compl. ¶¶ 6, 8.) Plaintiff alleges that because of the volume of documents at issue, he ultimately decided to represent himself before the IRS. (Id. ¶ 8.) Accordingly, plaintiff alleges that he advised the IRS, through a letter to Chan dated April 7, 2011, that Holland was no longer representing plaintiff, that the power of attorney previously granted to Holland had been rescinded, that plaintiff would be representing himself, and that plaintiff should be the only person contacted by the IRS in connection with the audit. (See id. ¶¶ 8-9.)

Plaintiff alleges that on or about June 6, 2011, he received an e-mail from Holland indicating that Holland had been contacted by Shelly, and plaintiff further alleges that Shelly did not advise plaintiff of that contact. (Compl. ¶ 10.) Plaintiff alleges that in response to Shelly's contact with Holland, plaintiff again advised the IRS, in a letter dated June 7, 2011, that plaintiff had completely rescinded Holland's authority to represent plaintiff, that plaintiff was representing himself, that plaintiff had found out about Shelly's contact with Holland, and that plaintiff was being billed by Holland for Shelly's unauthorized contact with Holland. (See id. ¶ 11.) Plaintiff asserts that the letter characterized Shelly's contact with Holland as a violation of Internal Revenue Code § 6103(a), which designates tax returns and return information as confidential and restricts the disclosure of such information.[3] (Id.)

---

[3] In relevant part, Internal Revenue Code § 6103(a), 26 U.S.C. § 6103(a), provides:

> **(a) General rule.**--Returns and return information shall be confidential, and except as authorized by this title--
>
>   (1) no officer or employee of the United States,
>
> . . .
>
> shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section. For purposes of this subsection, the term "officer or employee" includes a former officer or employee.

The Internal Revenue Code authorizes a taxpayer whose return or return information was disclosed

3

1    Plaintiff alleges that he subsequently sent a letter to Shelly in which plaintiff stated that if Shelly's contact or contacts with Holland were merely a mistake, plaintiff would accept an apology, sent within five days, explaining such inadvertent contact. (Compl. ¶ 14.) Plaintiff suggests that he advised Shelly that Shelly's failure to timely respond to plaintiff's letter would confirm for plaintiff that Shelly's contact or contacts with Holland, and any related disclosures of information, constituted "willful, wanton, and malicious" disclosures of tax information in violation of Internal Revenue Code § 6103(a). (Id.) Shelly allegedly never responded. (Id. ¶ 15.)

Plaintiff alleges that despite his previous letters, Shelly directly contacted Holland again on July 6, 2011. (Compl. ¶ 16.) Plaintiff alleges that in a letter dated July 11, 2011, he again informed Shelly of Shelly's willful and malicious conduct that constituted a "serious breach of the law." (Id. ¶ 17.) Plaintiff alleges that his letter again advised Shelly that plaintiff was being billed by Holland for Shelly's unauthorized contacts with Holland, all of which did nothing to resolve the underlying tax issues. (See id. ¶¶ 17-18.)

Plaintiff alleges that despite his myriad letters to the IRS, Shelly "nonetheless continued to contact" Holland knowing that such contact was not authorized and that plaintiff was being billed for Holland's time. (See Compl. ¶ 19.) Plaintiff alleges that Shelly's continued, unauthorized contacts with Holland constituted not only a violation of Internal Revenue Code § 6103(a), but also a violation of plaintiff's rights secured by the Fourth Amendment to the United States Constitution. (Id. ¶¶ 19, 31.) He further alleges that Shelly's unlawful contacts caused him "monetary and time damages" and "adverse and harmful effects" including mental distress, emotional distress, embarrassment, and humiliation. (Id. ¶¶ 23, 28),

Plaintiff filed his complaint on August 5, 2011, naming the IRS and Shelly as

---

in violation of 26 U.S.C. § 6103(a) to "bring a civil action for damages against the United States in a district court of the United States." 26 U.S.C. § 7431(a)(1).

defendants.[4]  Plaintiff identifies three claims for relief and seeks injunctive relief, declaratory relief, and damages.  First, plaintiff alleges that defendants' denial of plaintiff's access to plaintiff's tax records violated FOIA and the Privacy Act.[5]  (Compl. ¶ 26.)  Second, plaintiff alleges that defendants' dissemination of plaintiff's private tax information without plaintiff's consent or authorization violated the Privacy Act.  (Id. ¶¶ 27-28.)  Finally, plaintiff alleges a claim pursuant to 42 U.S.C. § 1983, asserting that defendants violated his Fourth Amendment rights.  (Id. ¶¶ 29-32.)

## II.     LEGAL STANDARDS

### A.     Motion to Dismiss for Lack of Subject Matter Jurisdiction

A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) or 12(h)(3) challenges the court's subject matter jurisdiction.  Federal district courts are courts of limited jurisdiction that "may not grant relief absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations and quotation marks omitted); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").  When ruling on a motion to dismiss for lack of subject matter jurisdiction, the court takes the allegations in the complaint as true.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).  However, the court is not restricted to the face of the pleadings and "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988); see also Warren v.

---

[4]  On August 10, 2011, this case was transferred to the Sacramento Division of this court from the Fresno Division of this court.  (See Order, Aug. 10, 2011, Dkt. No. 2.)

[5]  Plaintiff's complaint in this case does not appear to allege any facts concerning plaintiff's request for access to his tax information other than those stated in paragraph 26.  However, plaintiff filed a second action, Huene v. IRS, 2:11-cv-02109 JAM KJN PS (E.D. Cal.), in which plaintiff's access to his own records under FOIA is the central issue.

Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) ("A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence."). "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." Tosco Corp. v. Communities for a Better Env't., 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), abrogated on other grounds by Hertz Corp v. Friend, 130 S. Ct. 1181 (2010); see also Colwell v. Dep't of Health & Human Servs., 558 F.3d 1112, 1121 (9th Cir. 2009) ("In support of a motion to dismiss under Rule 12(b)(1), the moving party may submit 'affidavits or any other evidence properly before the court . . . . It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." (citation omitted, modification in original)).

      B.     <u>Motion to Dismiss for Failure to State A Claim</u>

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "A complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts to state a claim to relief that is plausible on its face.'" Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949). The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007).

1   The court is "not, however, required to accept as true conclusory allegations that are contradicted
2   by documents referred to in the complaint, and [the court does] not necessarily assume the truth
3   of legal conclusions merely because they are cast in the form of factual allegations." Paulsen,
4   559 F.3d at 1071 (citations and quotation marks omitted).

5   The court must construe a pro se pleading liberally to determine if it states a claim
6   and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an
7   opportunity to cure them if it appears at all possible that the plaintiff can correct the defects. See
8   Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica
9   Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally
10  construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d
11  338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally
12  even when evaluating them under Iqbal.).

13  In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may
14  generally consider only allegations contained in the pleadings, exhibits attached to the complaint,
15  and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of
16  Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although
17  the court may not consider a memorandum in opposition to a defendant's motion to dismiss to
18  determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections,
19  151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers
20  in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2
21  (9th Cir. 2003).

22  III.   DISCUSSION

23         A.   Plaintiff's FOIA Claim (Claim One)

24  Plaintiff's first claim for relief alleges, in part, that Shelly unlawfully denied
25  plaintiff access to tax records concerning plaintiff in violation of the Freedom of Information
26  Act. (Compl. ¶¶ 26.) Shelly moves to dismiss plaintiff's FOIA claim on the ground that an

individual federal official or employee is not a proper defendant in regards to such a claim; instead, a federal agency is the only proper defendant. Shelly contends that the IRS, which is a party to this action and has filed an answer to the complaint, is the proper defendant as to plaintiff's FOIA claim and that, as a result, Shelly should be dismissed from the action for want of subject matter jurisdiction and because plaintiff has failed to state a claim on which relief can be granted.

As an initial matter, Shelly has not separately articulated the reasons why his motion should be granted pursuant to Rule 12(b)(1) and Rule 12(b)(6). He muddles together in a single paragraph his arguments supporting dismissal for lack of subject matter jurisdiction and dismissal for failure to state a claim.

In any event, assuming for plaintiff's benefit that the court has jurisdiction to hear plaintiff's FOIA claim, plaintiff fails to state a claim on which relief can be granted because Shelly is not a proper defendant as to that claim. FOIA provides district courts with "jurisdiction to enjoin the *agency* from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 554(a)(4)(B) (emphasis added). The Ninth Circuit Court of Appeals recently held that federal agencies are proper defendants in regards to FOIA claims, but that such claims may not be asserted against individual federal officials. Drake v. Obama, 664 F.3d 774, 785-86 (9th Cir. 2011) ("We agree with the District Court that FOIA does not apply to any of the Defendants because they are all individuals, not agencies. . . . Thus, the District Court correctly dismissed Plaintiffs' FOIA causes of action for failure to state a claim.") (collecting cases). As evident from the above-quoted text, the Court of Appeals in Drake affirmed the district court's dismissal of FOIA claims asserted against individual federal officials for failure to state a claim on which relief can be granted. Thus, assuming, without deciding, that this court has jurisdiction over plaintiff's FOIA claim, that claim is nevertheless subject to dismissal because it is alleged against an improper defendant. Accordingly, the undersigned recommends that the FOIA aspect of plaintiff's first claim for

relief be dismissed with prejudice as to Shelly for failure to state a claim on which relief can be granted.

   B.  <u>Plaintiff's Privacy Act Claims (Claims One and Two)</u>

    Plaintiff alleges two different claims premised on the Privacy Act. First, plaintiff alleges in his first claim for relief that he requested access to "all information maintained about Plaintiff" pursuant to the Privacy Act. (Compl. ¶ 26.) Second, plaintiff alleges that the IRS and Shelly disseminated plaintiff's personal tax information to plaintiff's former accountant, Holland, without plaintiff's consent or authorization, in violation of the Privacy Act. (<u>Id.</u> ¶¶ 27-28.) As with the FOIA claim discussed above, Shelly contends that plaintiff's Privacy Act claims should be dismissed for lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted. Shelly again presents a muddled argument, generally arguing his jurisdictional and non-jurisdictional arguments as to plaintiff's Privacy Act claims together in the span of one paragraph.

    In regards to plaintiff's claim that he was denied access to his own tax records in violation of the Privacy Act, the Privacy Act's provision regarding access to records provides:

> **(d) Access to records.**--Each agency that maintains a system of records shall--
>
> **(1)** upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him and upon his request, a person of his own choosing to accompany him, to review the record and have a copy made of all or any portion thereof in a form comprehensible to him, except that the agency may require the individual to furnish a written statement authorizing discussion of that individual's record in the accompanying person's presence.

5 U.S.C. § 552a(d)(1). As to plaintiff's wrongful disclosure claim under the Privacy Act, the statute provides that, subject to several exceptions not raised by Shelly, "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." 5 U.S.C. § 552a(b). In terms of relevant

civil remedies, the Privacy Act provides:

> **(g)(1) Civil remedies.**--Whenever any agency
>
> . . .
>
> > **(B)** refuses to comply with an individual request under subsection (d)(1) of this section; [or]
>
> . . .
>
> > **(D)** fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual,
>
> the individual may bring a civil action against the *agency*, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.

5 U.S.C. § 552a(g)(1) (emphasis added).[4]

As with Shelly's attack on plaintiff's FOIA claim, Shelly does not delineate between his jurisdictional and non-jurisdictional challenges to plaintiff's Privacy Act claims. In any event, even assuming jurisdiction over plaintiff's Privacy Act claims, Shelly is not a proper defendant as to such claims. The plain language of the statute limits an aggrieved plaintiff's claim to "a civil action against the agency," and does not expressly authorize a civil action against an individual federal official or employee. 5 U.S.C. § 552a(g)(1). Case law supports the conclusion that the federal agency is the only proper defendant in regards to a Privacy Act claim seeking a civil remedy. See Schowengerdt v. Gen. Dynamics Corp., 823 F.2d 1328, 1340 (9th Cir. 1987) (affirming the dismissal of a claim of wrongful disclosure under the Privacy Act for failure to state a claim, and stating that "§ 552a(g)(1) provides a private cause of action against an agency for failing to comply with § 552a(b). The agency is the only proper party to such a

---

[4] Shelly argues, in part, that plaintiff cannot pursue the criminal penalty provisions of the Privacy Act, see 5 U.S.C. § 552a(i), for want of a private right of action to do so. (Def.'s Memo. of P. & A. In Supp. of Mot. to Dismiss at 2, Dkt. No. 15.) However, plaintiff's written opposition unequivocally states that "Plaintiff is not initiating a 'criminal prosecution' under the Privacy Act as argued by the defendant, but rather is bringing a civil action against Mr. Shelly." (Pl.'s Opp'n at 2, Dkt. No. 20.)

suit; the civil remedy provisions do not apply to individual defendants"); accord Rouse v. U.S. Dep't of State, 567 F.3d 408, 413 n.3 (9th Cir. 2009) (noting that "[b]ecause the Privacy Act only permits suits against an 'agency,' and does not apply to individual defendants, the district court dismissed the claims against the individual defendants . . . .") (citations omitted); cf. Dittman v. California, 191 F.3d 1020, 1027 (9th Cir. 1999) (recognizing that the Privacy Act's civil remedy provisions do not apply against private individuals, state agencies, private entities, or state and local officials); but see Hewitt v. Grabicki, 794 F.2d 1373, 1377 & n.2 (9th Cir. 1986) (stating that the "Privacy Act authorizes suit only against an 'agency,'" but noting that despite the weight of authority supporting that conclusion, some courts outside of the Ninth Circuit had held that the head of an agency could be named as a defendant in his or her official capacity in regards to a Privacy Act claim). Accordingly, the undersigned recommends that plaintiff's Privacy Act claims be dismissed with prejudice for failure to state a claim.

  C. Plaintiff's Section 1983 Claim (Claim Three)

   Finally, Shelly moves to dismiss plaintiff's third claim for relief, which alleges a claim pursuant to 42 U.S.C. § 1983 premised on an alleged violation of plaintiff's Fourth Amendment rights. Shelly argues that plaintiff has failed to state a claim on which relief can be granted because at all relevant times Shelly, as an employee of the federal government, was not a state actor and did not act under color of state law.

   Generally, with respect to individual defendants, 42 U.S.C. § 1983 "imposes civil liability upon an individual who under color of state law subjects or causes, any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution and laws." Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002) (citing 42 U.S.C. § 1983). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." Long v. County of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48

(1988)); accord Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988) ("To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes" (citation omitted).).

Here, plaintiff alleges that Shelly is an agent of the IRS, a federal agency, and violated plaintiff's Fourth Amendment rights in pursuit of information sought in connection with a continued IRS audit of plaintiff. (See, e.g., Compl. ¶¶ 6, 8, 10-15, 18-20, 29-31.) Plaintiff does not allege that Shelly acted under color of *state* law; instead, he simply alleges that Shelly acted "under color of law."[5] (See Compl. ¶¶ 21, 29.) Plaintiff's failure, and readily apparent inability, to allege that Shelly was a state actor or acted under color of state law is fatal to his claim brought pursuant to 42 U.S.C. § 1983. See Billings v. United States, 57 F.3d 797, 801 (9th Cir. 1995) (affirming dismissal of the appellant's Section 1983 claim on the grounds that Section 1983 provided no claim for relief against federal agents of the U.S. Secret Service who acted under color of federal law in detaining the appellant) (citing Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987)); accord Martinez v. United States, 812 F. Supp. 2d 1052, 1058 (C.D. Cal. 2010).

Despite the foregoing, it appears from plaintiff's written opposition to the motion to dismiss that plaintiff intends to assert claims against Shelly pursuant to the Federal Tort Claims Act ("FTCA") and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[6] (See Pl.'s Opp'n at 4-5.) Shelly's reply brief does not address

---

[5] Similarly, plaintiff's written opposition does not allege that Shelly acted under color of state law. That opposition merely alleges that Shelly "acted under color of office" or "exceeded his authority under color of office," or some similar variant thereof. (See Pl.'s Opp'n at 1-2, 4.)

[6] "In Bivens, the Supreme Court held that the victim of a Fourth Amendment violation committed by federal officers acting under color of their authority could bring an action under federal law for money damages against the officers." Moore v. Glickman, 113 F.3d 988, 990-91 (9th Cir. 1997) (citation omitted); see also Carlson v. Green, 446 U.S. 14, 18 (1980) ("Bivens established that the victims of a constitutional violation by a federal agent have a right to recover damages against

12

plaintiff's opposition in this regard.  In light of the liberality with which the court must construe pro se parties' pleadings, as well as the fact that the court may consider assertions in a written opposition in determining whether to grant leave to amend, the undersigned recommends that plaintiff be granted leave to amend to attempt to assert a claim pursuant to the FTCA, Bivens, or both.  However, plaintiff is admonished that he should attempt to plead such a claim or claims in an amended complaint only if he has a good faith basis in law and fact to assert such a claim or claims.

IV.     CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.      Defendant Anthony Shelly's motion to dismiss (Dkt. No. 14) be granted.

2.      To the extent that plaintiff's first claim for relief is premised on the Freedom of Information Act, that claim be dismissed with prejudice as to Shelly for failure to state a claim on which relief can be granted.

3.      To the extent that plaintiff's first claim for relief is premised on the Privacy Act, that claim be dismissed with prejudice as to Shelly for failure to state a claim on which relief can be granted.

4.      Plaintiff's second claim for relief, alleging a violation of the Privacy Act, be dismissed with prejudice as to Shelly for failure to state a claim on which relief can be granted.

5.      Plaintiff's third claim for relief, alleged pursuant to 42 U.S.C. § 1983, be dismissed with prejudice as to Shelly, but that plaintiff be granted leave to file an amended complaint that attempts to allege a claim pursuant to the FTCA, Bivens, or both.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen

---

the official in federal court despite the absence of any statute conferring such a right.").

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

DATED:  April 9, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE