IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD R. HUENE,

        Plaintiff,

        v.

U.S. DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE; ANTHONY SHELLY; and DOES I through X,

        Defendants.

No. 2:11-cv-02110 JAM KJN PS

<u>ORDER</u> and
<u>FINDINGS AND RECOMMENDATIONS</u>

Presently before the court[1] is the United States'[2] motion to dismiss ten fictitious defendants named by plaintiff as "Does I through X" for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim pursuant to

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] Although the "United States" is the moving party, the "United States" is not a party to this action and has not sought relief as such until now. The undersigned presumes that the defendant named as "United States Department of the Treasury, Internal Revenue Service," is the moving party. If counsel for the United States, who is also counsel for defendants, intended otherwise, she should kindly inform the court of the basis for the Untied States seeking relief in this action apart from the Internal Revenue Service. This is not the first curious and unexplained procedural maneuver employed by defendants' counsel in this case. (<u>See</u> Order, Mar. 5, 2012, at 2 ns. 2 & 3, Dkt. No. 17.)

1

Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 21).  Plaintiff opposes the United States' motion in part (Dkt. No. 33).

Because oral argument would not materially aid the resolution of the pending motion, this matter is submitted on the briefs and record without a hearing.  See Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g).  The undersigned has considered the briefs and appropriate portions of the record in this case and, for the reasons stated below, recommends that the defendants named as "Does I through X" be dismissed without prejudice.

I.     BACKGROUND

Generally, plaintiff's complaint concerns the alleged actions of the Internal Revenue Service ("IRS") and its agents in connection with a continuing tax audit of plaintiff.[3] Plaintiff named the IRS, agent Anthony Shelly, and "Does I through X" as defendants.  Plaintiff asserts three claims for relief and seeks injunctive relief, declaratory relief, and damages.  First, plaintiff alleges that defendants' denial of plaintiff's access to plaintiff's tax records violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. (Compl. ¶ 26.)  Second, plaintiff alleges that defendants' dissemination of plaintiff's private tax information to third parties without plaintiff's consent or authorization violated the Privacy Act. (Id. ¶¶ 27-28.)  Finally, plaintiff alleges a claim pursuant to 42 U.S.C. § 1983, asserting that defendants violated his Fourth Amendment rights.[4]  (Id. ¶¶ 29-32.)

II.    DISCUSSION

The United States moves to dismiss Does I through X on several grounds.  First, it

---

[3] A more thorough recitation of plaintiff's allegations is contained in proposed findings and recommendations filed by the undersigned on April 10, 2012 (Dkt. No. 30).

[4] The undersigned notes that plaintiff concedes that his civil rights claim asserted pursuant to 42 U.S.C. § 1983 should be dismissed, at least with respect to the IRS, the United States, or both to the extent that they are separate parties. (See Pl.'s Opp'n at 2; see also Pl.'s Opp'n to IRS's Mot. for Judgment on the Pleadings at 2, Dkt. No. 32.)  The scope of plaintiff's concession is not entirely clear.  In any event, the undersigned addresses plaintiff's stipulation to the dismissal of plaintiff's Section 1983 claim in a separate and forthcoming disposition addressing the IRS's pending motion for judgment on the pleadings.

argues that plaintiff "failed to allege any causes of action against, or request any form of relief with respect to the Does." (Memo. of P. & A. In Supp. of Mot, to Dismiss at 1, Dkt. No. 22.) Additionally, it argues that even assuming the presence of allegations specific to the Doe defendants, the Doe defendants should be dismissed for lack of subject matter jurisdiction and plaintiff's failure to state a claim on which relief can be granted. (Id. at 1-2.)

No federal statute or Federal Rule of Civil Procedure expressly permits the naming of a fictitious defendant or "John Doe" defendant in a federal pleading, see Fifty Assocs. v. Prudential Ins. Co. of Am., 446 F.2d 1187, 1191 (9th Cir. 1970), and the Ninth Circuit Court of Appeals has commented that "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980), characterized as dicta in Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999)). However, so-called "Doe pleading" is not prohibited in federal practice. Lopes v. Vieira, 543 F. Supp. 2d 1149, 1152 (E.D. Cal. 2008); cf. Merritt v. County of L.A., 875 F.2d 765, 768 (9th Cir. 1989). Naming Doe defendants might be necessary where the plaintiff has stated a valid claim, but requires discovery to identify the proper defendant. See Wakefield, 177 F.3d at 1163.

Although Doe pleading is not prohibited in federal court, the undersigned recommends that Does I through X be dismissed. Plaintiff's complaint includes no allegations specific to any of the Doe defendants, and plaintiff has not alleged whether or why he was unable to name these Doe defendants. Moreover, plaintiff has not specified which claim or claims he is actually asserting against these Doe defendants. Instead, the only reference to the Doe defendants appears in the caption. In light of these facts, the undersigned recommends that Does I through X be dismissed. Because of this conclusion, the undersigned does not reach the remainder of the United States's arguments in favor of dismissal of the Doe defendants.

Plaintiff's primary concern in regards to the naming of Doe defendants in this case appears to be that the IRS has allegedly withheld informal discovery from plaintiff that would allow plaintiff to allege the actual names of additional defendants. (See Pl.'s Opp'n at 2.) As a

1  result, plaintiff named Doe defendants and will supply the names of those defendants after he
2  conducts discovery.  (See id.)  In light of this concern, the undersigned recommends that the
3  dismissal of Does I through X be without prejudice.  If plaintiff obtains information leading to
4  the identification of additional appropriate defendants, he may diligently seek defendants'
5  stipulation to amend the complaint or move to amend the complaint pursuant to Federal Rule of
6  Civil Procedure 15(a)(2).  As stated in Rule 15(a)(2), "the court should freely give leave [to
7  amend] when justice so requires.  Fed. R. Civ. P. 15(a)(2); see also Johnson v. Mammoth
8  Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (providing that after the filing of a
9  responsive pleading, "leave to amend should be granted unless amendment would cause
10  prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay").  To the
11  extent that plaintiff is concerned about the running of the applicable statute of limitation, Federal
12  Rule of Rule Civil Procedure 15(c) and case law provide for the relation back of amendments,
13  and the court will consider issues pertaining to the relation back of any amendment at the time
14  plaintiff's moves or proposes to amend the complaint.

### III.     CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the United States' motion to dismiss the defendants named as "Does I through X" is submitted without a hearing, and the May 17, 2012 hearing on the United States' motion is VACATED.

It is FURTHER RECOMMENDED that:

1.     The United States' motion to dismiss (Dkt. No. 21) be granted.

2.     The fictitious defendants named as "Does I through X" be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).

1  Such a document should be captioned "Objections to Magistrate Judge's Findings and
2  Recommendations."  Any response to the objections shall be filed with the court and served on
3  all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).
4  Failure to file objections within the specified time may waive the right to appeal the District
5  Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d
6  1153, 1156-57 (9th Cir. 1991).

   IT IS SO ORDERED AND RECOMMENDED.

   DATED:  May 2, 2012

   _____
   KENDALL J. NEWMAN
   UNITED STATES MAGISTRATE JUDGE