1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DONALD R. HUENE,

11              Plaintiff,                    No. 2:11-cv-02110 JAM KJN PS

12        v.

13   U.S. DEPARTMENT OF THE
     TREASURY, INTERNAL REVENUE
14   SERVICE; ANTHONY SHELLY; and
     DOES I through X,
15
                Defendants.                   ORDER and
16                                            FINDINGS AND RECOMMENDATIONS
                                          /
17

18              Presently before the court is defendant Internal Revenue Service's ("IRS") motion

19   for judgment on the pleadings, which seeks the dismissal of plaintiff's claims on the grounds that

20   plaintiff failed to state a claim on which relief can be granted (Dkt. No. 23).[1]  Plaintiff opposes

21   the IRS's motion (Dkt. No. 32).

22              Because oral argument would not materially aid the resolution of the pending

23   motion, this matter is submitted on the briefs and record without a hearing.  See Fed. R. Civ.

24   P. 78(b); E. Dist. Local Rule 230(g).  The undersigned has considered the briefs and appropriate

25   _____

26        [1]  This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                              1

portions of the record in this case and, for the reasons stated below, recommends that the IRS's

motion be granted in part and denied in part.

I.     BACKGROUND

Generally, plaintiff's complaint concerns the actions of the IRS and its agents in

connection with a continuing tax audit of plaintiff.  Plaintiff alleges that the IRS had "previously

ordered Plaintiff for examinations of scheduled [*sic*] F filings on numerous occasions," and

"decided to renew their examination."  (Compl. ¶ 7.)  Plaintiff alleges that on December 14,

2010, he "granted permission for Richard Holland and Necia Wollerman to represent [him] and

they were given power of attorney to contact and complete the audit."  (Id.)  Plaintiff identifies

Hollerman as a certified public accountant (see id. ¶ 10), but it is unclear who is Wollerman and

what roles he or she played in the events alleged in the complaint.

Plaintiff alleges that two agents of the IRS, defendant Anthony Shelly and Siu

Chan, requested voluminous records in connection with the audit.  (See Compl. ¶¶ 6, 8.)

Plaintiff alleges that because of the volume of documents at issue, he ultimately decided to

represent himself before the IRS.  (Id. ¶ 8.)  Accordingly, plaintiff alleges that he advised the

IRS, through a letter to Chan dated April 7, 2011, that Holland was no longer representing

plaintiff, that the power of attorney previously granted to Holland had been rescinded, that

plaintiff would be representing himself, and that plaintiff should be the only person contacted by

the IRS in connection with the audit.  (See id. ¶¶ 8-9.)

Plaintiff alleges that on or about June 6, 2011, he received an e-mail from Holland

indicating that Holland had been contacted by Shelly, and further alleges that Shelly did not

advise plaintiff of that contact.  (Compl. ¶ 10.)  Plaintiff alleges that in response to Shelly's

contact with Holland, plaintiff again advised the IRS, in a letter dated June 7, 2011, that plaintiff

had completely rescinded Holland's authority to represent plaintiff, that plaintiff was

representing himself, that plaintiff had found out about Shelly's contact with Holland, and that

plaintiff was being billed by Holland for Shelly's unauthorized contact with Holland.  (See id.

2

¶ 11.)  Plaintiff asserts that the letter characterized Shelly's contact with Holland as a violation of Internal Revenue Code § 6103(a), which designates tax returns and return information as confidential and restricts the disclosure of such information.[2]  (Id.)

Plaintiff alleges that he subsequently sent a letter to Shelly in which plaintiff stated that if Shelly's contact or contacts with Holland were merely a mistake, plaintiff would accept an apology, sent within five days, explaining such inadvertent contact.  (Compl. ¶ 14.)  Plaintiff suggests that he advised Shelly that Shelly's failure to timely respond to plaintiff's letter would confirm for plaintiff that Shelly's contact or contacts with Holland, and any related disclosures of information, constituted "willful, wanton, and malicious" disclosures of tax information in violation of Internal Revenue Code § 6103(a).  (Compl. ¶ 14.)  Shelly allegedly never responded.  (Id. ¶ 15.)

Plaintiff alleges that despite his previous letters, Shelly directly contacted Holland again on July 6, 2011.  (Compl. ¶ 16.)  Plaintiff alleges that in a letter dated July 11, 2011, he again informed Shelly of Shelly's willful and malicious conduct that constituted a "serious breach of the law."  (Id. ¶ 17.)  Plaintiff alleges that his letter advised Shelly, yet again, that plaintiff was being billed by Holland for Shelly's unauthorized contacts with Holland, all of

---

[2]  In relevant part, Internal Revenue Code § 6103(a), 26 U.S.C. § 6103(a), provides:

> **(a) General rule.**--Returns and return information shall be confidential, and except as authorized by this title--
>
> (1) no officer or employee of the United States,
>
> . . .
>
> shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section.  For purposes of this subsection, the term "officer or employee" includes a former officer or employee.

The Internal Revenue Code authorizes a taxpayer whose return or return information was disclosed in violation of 26 U.S.C. § 6103(a) to "bring a civil action for damages against the United States in a district court of the United States."  26 U.S.C. § 7431(a)(1).

3

1    which did nothing to resolve the underlying tax issues.  (See id. ¶¶ 17-18.)

2          Plaintiff alleges that despite his myriad letters to the IRS, Shelly "nonetheless

3    continued to contact" Holland knowing that such contact was not authorized and that plaintiff

4    was being billed for Holland's time.  (See Compl. ¶ 19.)  Plaintiff alleges that Shelly's continued,

5    unauthorized contacts with Holland constituted not only a violation of Internal Revenue Code

6    § 6103(a), but also a violation of plaintiff's rights secured by the Fourth Amendment to the

7    United States Constitution.  (Id. ¶¶ 19, 31.)  He further alleges that Shelly's unlawful contacts

8    caused him "monetary and time damages" and "adverse and harmful effects" including mental

9    distress, emotional distress, embarrassment, and humiliation.  (Id. ¶¶ 23, 28.)

10          Plaintiff filed his complaint on August 5, 2011, naming the IRS and Shelly as

11    defendants.  Plaintiff identifies three claims for relief and seeks injunctive relief, declaratory

12    relief, and damages.  First, plaintiff alleges that defendants' denial of plaintiff's access to

13    plaintiff's tax records violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and

14    the Privacy Act, 5 U.S.C. § 552a.  (Compl. ¶ 26.)  Second, plaintiff alleges that defendants'

15    dissemination of plaintiff's private tax information to third parties without plaintiff's consent or

16    authorization violated the Privacy Act.  (Id. ¶¶ 27-28.)  Finally, plaintiff alleges a claim pursuant

17    to 42 U.S.C. § 1983, asserting that defendants violated his Fourth Amendment rights.  (Id. ¶¶ 29-

18    32.)

19          Meanwhile, on June 8, 2011, plaintiff filed a second lawsuit entitled Huene v.

20    IRS, 2:11-cv-02109 JAM KJN PS (E.D. Cal.) ("Huene I"), in which plaintiff asserts a single

21    claim for relief pursuant to FOIA.  In Huene I, plaintiff seeks the release of records in the IRS's

22    possession that are responsive to FOIA requests served by plaintiff.

23    II.    LEGAL STANDARDS

24          Federal Rule of Civil Procedure 12(c) authorizes a party to move for judgment on

25    the pleadings.  "A judgment on the pleadings is properly granted when, taking all the allegations

26    in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter

of law." <u>Ventress v. Japan Airlines</u>, 603 F.3d 676, 681 (9th Cir. 2010) (citation and quotation marks omitted).  When a party uses a motion for judgment on the pleadings to raise the defense of failure to state a claim, the motion "faces the same test as a motion under Rule 12(b)(6)." <u>McGlinchy v. Shell Chem. Co.</u>, 845 F.2d 802, 810 (9th Cir. 1988); <u>accord</u> <u>Cafasso v. Gen. Dynamics C4 Sys., Inc.</u>, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (stating that "that Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and that 'the same standard of review' applies to motions brought under either rule") (citations omitted).

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint.  <u>Vega v. JPMorgan Chase Bank, N.A.</u>, 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); <u>see also</u> <u>Paulsen v. CNF, Inc.</u>, 559 F.3d 1061, 1071 (9th Cir. 2009).  "A complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts to state a claim to relief that is plausible on its face.'" <u>Coto Settlement v. Eisenberg</u>, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" <u>Caviness v. Horizon Cmty. Learning Ctr., Inc.</u>, 590 F.3d 806, 812 (9th Cir. 2010) (quoting <u>Iqbal</u>, 129 S. Ct. at 1949).  The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff.  <u>Corrie v. Caterpillar</u>, 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." <u>Paulsen</u>, 559 F.3d at 1071 (citations and quotation marks omitted).

The court must construe a pro se pleading liberally to determine if it states a claim

1   and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

2   opportunity to cure them if it appears at all possible that the plaintiff can correct the defect.  See

3   Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica

4   Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally

5   construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d

6   338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally

7   even when evaluating them under Iqbal.).

8          In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may

9   generally consider only allegations contained in the pleadings, exhibits attached to the complaint,

10  and matters properly subject to judicial notice."  Outdoor Media Group, Inc. v. City of

11  Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted); see also

12  Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 980 n.18 (9th Cir. 1999) ("When

13  considering a motion for judgment on the pleadings, [the] court may consider facts that are

14  contained in materials of which the court may take judicial notice.") (citation and quotation

15  marks omitted).  Although the court may not consider a memorandum in opposition to a

16  defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see

17  Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider

18  allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g.,

19  Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

20  III.   DISCUSSION

21         The IRS moves for judgment on the pleadings in regards to plaintiff's claims

22  alleged pursuant to FOIA, the Privacy Act, and 42 U.S.C. § 1983, and plaintiff's request for

23  damages, costs, and attorney's fees.  The undersigned first addresses the IRS's challenge to

24  plaintiff's Section 1983 claim, and then addresses the IRS's remaining arguments in turn.

25         A.    Plaintiff's Civil Rights Claim

26         The IRS seeks judgment on the pleadings as to plaintiff's claim alleged pursuant

6

1    to 42 U.S.C. § 1983 on the ground that the IRS is a federal agency, and not a state actor.[3]  (IRS's

2    Memo. of P. & A. In Supp. of Mot. for J. on the Pleadings ("IRS's Memo.") at 4, Dkt. No. 24.)

3    In his opposition brief, plaintiff states that he "agrees that the Civil Rights action can and should

4    be stricken." (Pl.'s Opp'n at 2.)  In opposing another motion to dismiss filed in this case,

5    plaintiff further stated: "This plaintiff agrees with defendant's position on the civil rights

6    allegation and stipulates in opposition to the motion for judgment on the pleadings that this

7    allegation can be dismissed.  (See this plaintiff's Opposition Points and Authorities to that

8    motion.)[.]" (Pl.'s Opp'n to Mot. to Dismiss Does I-X at 2, Dkt. No. 33.)  In light of plaintiff's

9    concession or stipulation that his civil rights claim should be dismissed or stricken, the

10   undersigned recommends that the IRS be granted judgment on the pleadings as to plaintiff's

11   claim alleged pursuant to 42 U.S.C. § 1983.

12          B.      Plaintiff's FOIA Claim

13                  The IRS seeks the dismissal of plaintiff's FOIA claim on the ground that

14   plaintiff's FOIA claim in this case "is duplicative of the claims raised in the Plaintiff's FOIA suit,

15   No. 2:11-cv-2109, which is pending before this Court." (IRS's Memo. at 3.)  Plaintiff's

16   opposition brief does not address the IRS's argument in this regard.

17                  Before turning to the applicable legal standards, the undersigned notes that the

18   IRS represents in its moving papers that it "has filed a motion for summary judgment on this date

19   in the FOIA suit [i.e., Huene I], and this Count is more properly addressed in that case." (IRS's

20   Memo. at 3.)  No such motion for summary judgment appears on the court's docket in Huene I.

21                  The Ninth Circuit Court of Appeals has stated that "[p]laintiffs generally have no

22   right to maintain two separate actions involving the same subject matter at the same time in the

23

24          [3]  Generally, to state a claim pursuant to 42 U.S.C. § 1983, "a plaintiff must allege two
     essential elements: (1) that a right secured by the Constitution or laws of the United States was
25   violated, and (2) that the alleged violation was committed by a person acting under the color of State
     law." Long v. County of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S.
26   42, 48 (1988)).

                                                    7

1    same court and against the same defendant." <u>Adams v. Cal. Dep't of Health Servs.</u>, 487 F.3d 684,

2    688 (9th Cir. 2007) (citation and quotation marks omitted), <u>cert. denied</u> 552 U.S. 1076 (2007);

3    <u>accord</u> <u>Kahre v. Damm</u>, 342 Fed. Appx. 267, 268-69 (9th Cir. 2009) (affirming dismissal of

4    later-filed case where that case contained claims that were almost entirely duplicative of claims

5    asserted in an earlier-filed case).  In order to determine whether a later-filed lawsuit is duplicative

6    of an earlier lawsuit, the court applies the test for claim preclusion and, therefore, examines

7    "whether the causes of action and relief sought, as well as the parties or privies to the action, are

8    the same."  <u>Adams</u>, 487 F.3d at 688-89.

9              Plaintiff's FOIA claim asserted in this case is identical to the claim raised in

10   <u>Huene I</u>, and the defendants that are the subject of plaintiff's FOIA claims in each case overlap.

11   In regards to the nature of plaintiff's FOIA claims, plaintiff alleges in this case that Shelly and

12   the IRS violated FOIA by denying plaintiff access to his own tax records relative to the renewed

13   tax audit.  (<u>See</u> Compl. ¶ 26.)  In <u>Huene I</u>, plaintiff alleges that the IRS failed to timely respond to

14   plaintiff's FOIA request, which sought the release of plaintiff's tax records in connection with

15   the same renewed tax audit.  (<u>See</u> <u>Huene I</u>, Compl. ¶¶ 1, 7, 9.)  Indeed, the complaint in <u>Huene I</u>

16   is actually far more detailed than the complaint in this case, which further favors adjudicating the

17   FOIA claim in <u>Huene I</u> instead of this case.[4]  As to the identity of parties, plaintiff sued the IRS

18   in both cases for the same alleged violation of FOIA.  In this case, plaintiff also sued Shelly, but

19   the undersigned has recommended that plaintiff's FOIA claim be dismissed with prejudice as to

20   Shelly because plaintiff cannot maintain a FOIA claim against an individual defendant.  (<u>See</u>

21   Findings & Recommendations, Apr. 10, 2012, at 7-9, Dkt. No. 30.)[5]  In light of the foregoing

22

23        [4]  Plaintiff's complaint in this case does not appear to allege any facts concerning plaintiff's
     request for access to his tax information other than those stated in paragraph 26.

24

25        [5]  These findings and recommendations are still pending, but no party filed objections to the
     recommendations contained therein.  In <u>Huene I</u>, plaintiff signed a stipulated dismissal of Shelly and
     another individual defendant (<u>Huene I</u>, Dkt. No. 16) in recognition that individuals are improper
26   defendants in regards to a FOIA claim.  (<u>See</u> <u>Huene I</u>, Order, Mar. 5, 2012, at 2 (noting that "plaintiff

                                                      8

1   facts, which demonstrate the duplicative nature of plaintiff's FOIA claims in this case and

2   Huene I, the undersigned recommends that plaintiff's FOIA claim alleged in this case be

3   dismissed as to the IRS.  Such dismissal should be with prejudice.  See Adams, 487 F.3d at 692

4   (affirming dismissal of duplicative action with prejudice, noting that "[d]ismissal of the

5   duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings,

6   promotes judicial economy and the comprehensive disposition of litigation") (citation and

7   quotation marks omitted).

8            C.     Plaintiff's Privacy Act Claims

9            The IRS next contends that plaintiff's "Privacy Act Count" should be dismissed as

10  to the IRS because "5 U.S.C. § 552a(d)(1) cannot apply to the [IRS]."  (IRS's Memo. at 3.)  The

11  IRS's argument is under-developed as a factual, legal, and analytical matter, and is rather

12  difficult to understand.  However, the IRS appears to argue that although plaintiff alleges that the

13  IRS "failed to secure written authorization to request information" "in violation of 5 U.S.C.

14  § 552a(d)(1), plaintiff's citation to 5 U.S.C. § 552a(d)(1) does not relate to the alleged failure.

15  (See IRS's Memo. at 3-4.)  The IRS's argument too narrowly focuses on a fragment of an

16  allegation in the complaint and fails to consider plaintiff's myriad factual allegations regarding

17  how the IRS allegedly violated the Privacy Act.  Whether intentionally or by inadvertence, the

18  IRS's argument obscures what plaintiff actually alleged in his complaint.  At bottom, plaintiff

19  properly alleges two different claims premised on violations of the Privacy Act, and the

20  undersigned recommends that the IRS's motion for judgment on the pleadings be denied insofar

21  as plaintiff's Privacy Act claims are concerned.

22           At the outset, the undersigned corrects the IRS's implied suggestion that plaintiff

23  has only alleged one "Privacy Act Count."  (See IRS's Memo. at 3, 4.)  Plaintiff actually alleges

24  two different claims premised on violations of the Privacy Act.  In his first claim for relief, which

25

26  agreed during the scheduling conference to dismiss defendants Chan and Shelley from this action
    as improper defendants in regards to his FOIA claim"), Dkt. No. 15.)

1   includes the phrase "DENIAL OF ACCESS TO RECORDS" in the title, plaintiff alleges that he

2   requested but was denied access to "all information maintained about Plaintiff" pursuant to the

3   Privacy Act.  (Compl. ¶ 26.)  In regards to plaintiff's claim that he was denied access to his own

4   tax records in violation of the Privacy Act, 5 U.S.C. § 552a(d)(1):

> **(d) Access to records.**--Each agency that maintains a system of records shall--
>
>> **(1)** upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him and upon his request, a person of his own choosing to accompany him, to review the record and have a copy made of all or any portion thereof in a form comprehensible to him, except that the agency may require the individual to furnish a written statement authorizing discussion of that individual's record in the accompanying person's presence.

11   5 U.S.C. § 552a(d)(1).  The IRS has offered no legal authority or other persuasive basis for its

12   argument that "5 U.S.C. § 552a(d)(1) *cannot* apply to the [IRS]."  (IRS's Memo. at 3 (emphasis

13   added).)

14         In his second claim for relief, which includes the phrase "IMPROPER

15   DISSEMINATION" in the title, plaintiff alleges that the IRS disseminated plaintiff's personal

16   tax information to plaintiff's former accountant, Holland, without plaintiff's consent or

17   authorization, in violation of the Privacy Act.  (Compl. ¶¶ 27-28.)  As to plaintiff's wrongful

18   disclosure claim, the Privacy Act provides that, subject to several exceptions not raised by the

19   IRS, "[n]o agency shall disclose any record which is contained in a system of records by any

20   means of communication to any person, or to another agency, except pursuant to a written

21   request by, or with the prior written consent of, the individual to whom the record pertains."

22   5 U.S.C. § 552a(b).  As with plaintiff's "denial of access" claim, the IRS cites no legal authority

23   suggesting that the prohibitions against wrongful disclosure provided in 5 U.S.C. § 552a(b)

24   "cannot" apply to the IRS.

25         The IRS's argument in support of dismissal of plaintiff's Privacy Act claims

26   appears to be that plaintiff cited the wrong statute in regards to his "denial of access" claim.  But

1    plaintiff readily appears to have cited the correct provision of the Privacy Act in regards to his

2    access claim, as 5 U.S.C. § 552(d)(1) precisely addresses the denial of access to records by an

3    agency.  In any event, the IRS has cited no authority for the proposition that plaintiff was

4    required to cite a specific statute in his complaint in the first place.  Indeed, as a general matter, a

5    plaintiff need not include citations to specific statutes in his or her complaint in order to state a

6    claim on which relief can be granted.  See, e.g., Alvarez v. Hill, 518 F.3d 1152, 1157 (9th Cir.

7    2008) ("Notice pleading requires the plaintiff to set forth in his complaint claims for relief, not

8    causes of action, statutes or legal theories. . . .  A complaint need not identify the statutory or

9    constitutional source of the claim raised in order to survive a motion to dismiss.") (citations

10   omitted).  Accordingly, the undersigned recommends that the IRS's motion for judgment on the

11   pleadings be denied insofar as it challenges plaintiff's Privacy Act claims.

12           D.      Plaintiff's Request for Damages, Costs, and Attorney's Fees

13           Finally, the IRS makes several arguments in support of the dismissal of plaintiff's

14   requests for damages, costs, and attorney's fees.  (IRS's Memo. at 4-5.)  The undersigned

15   addresses each argument in turn.  The undersigned notes that the IRS's separate challenge to

16   plaintiff's requests for relief are largely premature or redundant because they rise or fall with

17   plaintiff's substantive claims.

18           First the IRS argues that although plaintiff seeks damages pursuant to the Privacy

19   Act, plaintiff is not entitled to damages under the Privacy Act because the IRS "did not violate

20   the Privacy Act."  (IRS's Memo. at 4.)  As discussed above, and assuming the district judge

21   assigned to this case adopts the undersigned's recommendations, plaintiff will be permitted to

22   pursue two Privacy Act claims in this case and, therefore, attempt to prove that the IRS violated

23   the Privacy Act.  Accordingly, the IRS's argument is presumptuous and premature.

24           Second, the IRS argues that plaintiff is not entitled to costs or attorney's fees

25   under FOIA because plaintiff's FOIA claim is duplicative of the claim asserted in Huene I.

26   (IRS's Memo. at 4-5.)  Because the undersigned recommends the dismissal of plaintiff's FOIA

1    claim in this case, it follows that plaintiff cannot seek costs or attorney's fees under FOIA in this

2    case.

3            Third, the IRS argues that plaintiff is not entitled to costs or attorney's fees under

4    the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 because plaintiff is not a prevailing

5    party in this case.  (IRS's Memo. at 5.)  Again, whether plaintiff is a prevailing party in this case

6    remains to be determined and, accordingly, the IRS's argument is not well-taken.  Indeed, given

7    the lack of authority and substance supporting the IRS's arguments challenging plaintiff's

8    Privacy Act claims, plaintiff may ultimately be entitled to EAJA fees.  <u>See</u> 28 U.S.C.

9    § 2412(d)(1)(A).

10           Fourth, the IRS argues that plaintiff is not entitled to costs or attorney's fees in

11    regards to plaintiff's Section 1983 claim.  (IRS's Memo. at 5.)  Because plaintiff agreed to the

12    dismissal of this claim, the IRS's argument is moot.

13    IV.     <u>CONCLUSION</u>

14           For the foregoing reasons, IT IS HEREBY ORDERED that the Internal Revenue

15    Service's motion for judgment on the pleadings is submitted without a hearing, and the May 17,

16    2012 hearing on plaintiff's motion is VACATED.

17           It is FURTHER RECOMMENDED that:

18           1.      Defendant Internal Revenue Service's motion for judgment on the

19    pleadings (Dkt. No. 23) be granted in part and denied in part.

20           2.      Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 and the Freedom

21    of Information Act, and plaintiff's related requests for attorney's fees and costs under those

22    statutes, be dismissed with prejudice.

23           3.      The motion for judgment on the pleadings be denied in all other respects.

24           These findings and recommendations are submitted to the United States District

25    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen

26    days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).

2  Such a document should be captioned "Objections to Magistrate Judge's Findings and

3  Recommendations."  Any response to the objections shall be filed with the court and served on

4  all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

5  Failure to file objections within the specified time may waive the right to appeal the District

6  Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d

7  1153, 1156-57 (9th Cir. 1991).

8                    IT IS SO ORDERED AND RECOMMENDED.

9  DATED:  May 11, 2012

10

11

12  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26