IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD R. HUENE,

      Plaintiffs,                        No.  CIV-S-11-2110-JAM-KJN-PS

      v.

U.S. DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, et al.,

      Defendants.                 ORDER

_____/

      On May 14, 2012, the magistrate judge filed findings and recommendations (Dkt. No. 35) herein which were served on the parties and contained notice that any objections to the findings and recommendations were to be filed within fourteen days.  On May 25, 2012, defendant Internal Revenue Service ("IRS") filed objections to the proposed findings and recommendations (Dkt. Nos. 36-37), which have been considered by the court in part.  The court has not considered Exhibits 2 and 3 submitted by the IRS, or any arguments that rely on those exhibits (see Objections at 7-8), because the IRS neither requested that the court take judicial notice of Exhibits 2 and 3 nor offered any legal or factual basis for the court to take judicial notice of what readily appear to be documents that are not the proper subject of judicial notice.

////

At the outset, the court notes that the IRS raises numerous entirely new legal and factual arguments in its objections to the findings and recommendations.[1]  This practice is, at a minimum, disfavored.  The IRS should have raised all of its substantive arguments directed at dismissal when it filed its motion, and nothing suggests that these arguments were unavailable to the IRS when it filed its motion.  Instead, the IRS filed a rather perfunctory motion and chose not to file a reply brief, but now seeks to cure its previous scant briefing.  The IRS and its counsel are advised that objections to findings and recommendations are not intended to serve as the moving party's "second bite at the apple."[2]  Nevertheless, the court has considered the IRS' objections, except as stated above.

This court reviews de novo those portions of the proposed findings of fact to which an objection has been made.  28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982); see also Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009).  As to any portion of the proposed findings of fact to which no objection has been made, the court assumes its correctness and decides the motions on the applicable law.  See Orand v. United States, 602 F.2d 207, 208 (9th

---

[1]  The court also notes that the IRS purports to correct the magistrate judge's reading of paragraph 26 of plaintiff's complaint, but in doing so grossly misquotes paragraph 26.  (Compare Compl. ¶ 26, with Objections at 2 & n.1.)

[2]  In a somewhat different context, another judge of this court declined to consider new evidence submitted with objections to proposed findings and recommendations addressing a motion for summary judgment, stating:

> If this court were to consider new evidence on objection to the Magistrate Judge's Findings and Recommendations, there would be nothing to prevent the parties from presenting a partial record to the Magistrate Judge, wait to see if the recommended decision is against them, and then present whatever evidence they need to overcome the defects pointed out by the Findings and Recommendations.  If that were to be the procedure followed, this court would be better off hearing the motion in the first place.  While the parties might not object to that procedure, it would neither assist the court nor make the best use of the magistrate judges.

Galik v. Nangalama, No. CIV. 2:09–0152 WBS KJN (PC), 2012 WL 469850, at *2 (E.D. Cal. Feb. 7, 2012) (unreported).

1  Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. See Britt v. Simi
2  Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).

3        The court has reviewed the applicable legal standards and, good cause appearing,
4  concludes that it is appropriate to adopt the proposed findings and recommendations in part. The
5  court adopts all of the magistrate judge's recommendations, except the recommendation that
6  plaintiff's Privacy Act claim for "improper dissemination" of information about plaintiff by IRS
7  employees to a third party, which is premised on 5 U.S.C. § 552a(b). Although the IRS waited
8  until it filed its objections to raise a challenge to this court's jurisdiction over plaintiff's improper
9  dissemination claim, the court agrees that this court lacks jurisdiction over plaintiff's claim on
10 the basis of 26 U.S.C. § 7852(e), which renders certain provisions of the Privacy Act inapplicable
11 to the determination of the existence of tax-related liability.

12       Nevertheless, the court grants plaintiff leave to amend to state a claim for the wrongful
13 disclosure of a return or return information pursuant to 26 U.S.C. §§ 6103 and 7431(a)(1). As
14 the magistrate judge noted in his proposed findings and recommendations, plaintiff alleges that
15 he complained to the IRS' employees that their repeated contacts with third parties and disclosure
16 of information about plaintiff violated 26 U.S.C. § 6103(a). (See Compl. ¶¶ 11, 19; see also
17 Findings & Recommendations at 2-4 & n.2.) Section 6103(a) generally prohibits officers or
18 employees of the United States from disclosing return or return information to third parties and,
19 as the magistrate judge noted, 26 U.S.C. § 7431(a)(1) permits a taxpayer to "bring a civil action
20 for damages against the United States in a district court of the United States" based on an alleged
21 violation of Section 6103(a). (Findings & Recommendations at 3 n.2.) Accordingly, plaintiff is
22 granted leave to file an amended complaint that alleges a claim for wrongful disclosure in
23 violation of 26 U.S.C. § 6103(a).

24       Accordingly, IT IS ORDERED that:

25       1. The Proposed Findings and Recommendations filed May 14, 2012, are ADOPTED in
26 part;

2. Defendant Internal Revenue Service's motion for judgment on the pleadings (Dkt. No. 23) is granted in part and denied in part;

3. Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 and the Freedom of Information Act, and plaintiff's related requests for attorney's fees and costs under those statutes, are dismissed with prejudice. Plaintiff's Privacy Act claim for "improper dissemination" is also dismissed with prejudice.

4. The motion for judgment on the pleadings is denied in all other respects.

5. Plaintiff is granted leave to file an amended complaint that alleges violations of the Privacy Act, 5 U.S.C. § 552a(d)(1), and Internal Revenue Code § 6103(a), 26 U.S.C. § 6103(a). Plaintiff shall file his amended complaint, which shall be entitled "First Amended Complaint" with the court within 30 days of the date of this order.

Plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Eastern District Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Accordingly, once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Defendants not named in an amended complaint are no longer defendants. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). "If a plaintiff fails to include dismissed claims in an amended complaint, the plaintiff is deemed to have waived any error in the ruling dismissing the prior complaint." N.Y. City Employees' Retirement Sys. v. Jobs, 593 F.3d 1018, 1024-25 (9th Cir. 2010).

DATED: July 23, 2012

/s/ John A. Mendez
UNITED STATES DISTRICT COURT JUDGE

4