GERALD A. ROLE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 307-0461

*Counsel for the Internal Revenue Service*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONALD R. HUENE, | ) | No. 2:11-cv-2110-JAM-KJN |
| | ) | |
| Plaintiff, | ) | BRIEF IN SUPPORT OF |
| | ) | DEFENDANTS' MOTION FOR |
| v. | ) | PROTECTIVE ORDER |
| | ) | |
| | ) | Date and time: December 13, 2012, 10:00 a.m. |
| U.S. DEPARTMENT OF THE TREASURY | ) | Place: Courtroom 25 |
| INTERNAL REVENUE SERVICE, | ) | United States Courthouse |
| | ) | 501 I Street, 8th Floor |
| Defendant. | ) | Sacramento, California 95814 |

Defendant Internal Revenue Service is seeking an order providing that discovery not be had, or, in the alternative, that discovery be deferred until after defendant's motion for summary judgment has been adjudicated. Specifically, defendant seeks an order quashing the subpoenas duces tecum directed to Internal Revenue Service employees Anthony Shelly and Siu Chan.

**PROCEDURAL HISTORY**

Plaintiff *pro se* initially filed the complaint in this action on August 5, 2011, asserting various claims in connection with an examination of his tax returns. Defendant filed a motion

BRIEF IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER -1

to dismiss the individually named defendants, and a motion for judgment on the pleadings on grounds that plaintiff had failed to state a claim upon which relief could be granted.  Following briefing, the Court dismissed plaintiff's claims under the Freedom of Information Act, 5 U.S.C. § 552, and 42 U.S.C. § 1983.  It also dismissed the individually named defendants, but gave plaintiff leave to file an amended complaint asserting violations of the Privacy Act, 5 U.S.C. § 552a, and 26 U.S.C. § 6103.  (Dkt. No. 38, 40.)  Plaintiff filed an amended complaint on August 7, 2012, seeking damages under 26 U.S.C. § 7431 for wrongful disclosure of his return information. (Dkt. No. 42.)  Defendant filed its answer on August 27, 2012 (Dkt. No. 43), and served responses to plaintiff's first set of interrogatories, request for production of documents, and request for admissions on September 21, 2012.

    Plaintiff then obtained subpoenas duces tecum for Internal Revenue Service employees Anthony Shelly and Siu Chan, noticing their depositions for November 15, 2012 and November 30, 2013, respectively. (Role Decl., Exs. A and B.)  The undersigned raised various issues regarding the depositions in a series of emails with plaintiff on November 1 and 2.  (Role Decl., Ex. C), and asked that the depositions be stayed either until after defendants motion for summary judgment was filed and adjudicated, or, in the alternative, until the issues about the depositions could be resolved.  To date, plaintiff has declined to participate in a telephone conference to discuss the issues.  (*Id.*) The undersigned served formal objections to the subpoenas on November 2, 2012.  (Role Decl., Exs. D and E.)

BRIEF IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER -2

**ARGUMENT**

## I. THE SUBPOENAS SEEK DOCUMENTS NOT IN THE POSSESSION OF OR UNDER THE CONTROL OF THE SUBPOENAED PERSONS.

The subpoenas seek production of documents and records from Shelly and Chan that were acquired by them while Internal Revenue Service employees, as a part of the performance of their official duties or because of their official status with respect to the administration of the internal revenue laws or any other laws administered by or concerning the Internal Revenue Service. As such, any records responsive to the subpoena duces tecum served upon Shelly and Chan are "IRS records or information" and are the sole property of the Internal Revenue Service. *See* 26 C.F.R. § 301.9000-1(a). Put another way, neither Shelly nor Chan possesses or controls, actually or constructively, any responsive records in his or her official capacity.

## II. THE DISCOVERY SOUGHT IS OUTSIDE THE SCOPE OF THE CLAIMS ASSERTED IN THE COMPLAINT.

Defendant further objects to the subpoenas duces tecum as they seek testimony, documents, and materials which are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff's lawsuit turns on one allegation: any disclosures made to plaintiff's accountant were unauthorized because plaintiff revoked his accountant's power of attorney by letter dated April 7, 2011. (Am. Compl. ¶ 6.) The Service admits receiving the letter, but denies that the letter constituted a revocation under the applicable regulations. (Ans. ¶ 6.) This is purely a

legal question, and nothing in the testimony or documents plaintiff seeks would further the inquiry.

Moreover, plaintiff's complaint alleges unlawful disclosures only on the part of Shelly, not Chan. (*See* Am. Compl. ¶¶ 3-5.) As such, the subpoena directed to Chan is not reasonably calculated to lead to the discovery of admissible evidence.

For these reasons, the subpoenas issued for Shelly and Chan should be quashed.

## CONCLUSION

For these reasons, defendant's motion for protective order should be granted, the subpoenas duces tecum should be quashed, and plaintiff should receive no further discovery until defendant's motion for summary judgment has been filed and adjudicated.

Dated: November 14, 2012.

    /s/ Gerald A. Role
GERALD A. ROLE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 307-0461
Facsimile: (202) 514-6866
Email: gerald.a.role@usdoj.gov

BRIEF IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER -4

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER was served upon Plaintiff *pro se* on November 14, 2012, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> Donald R. Huene
> 7429 N. Valentine
> Fresno, CA 93701

and by sending a copy by email to him at YosemF@aol.com.

      /s/ Gerald A. Role
      GERALD A. ROLE

BRIEF IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER -5