IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD R. HUENE,

      Plaintiff,                No. 2:11-cv-2110 JAM AC PS

    vs.

U.S. DEP'T OF TREASURY,
INTERNAL REVENUE SERVICE,

      Defendant.           <u>ORDER</u>

          This matter came on for hearing on January 30, 2013 for the government's motion to quash / motion for protective order and motion to stay discovery and for plaintiff's motion to compel and motion for sanctions. Donald Huene appeared in pro per. Gerald Role and Anne Oliver appeared for defendant. Upon review of the motions, the documents filed in support and opposition, hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

          RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A.    <u>Allegations in Plaintiff's First Amended Complaint</u>

          This action was filed on August 5, 2011 and is proceeding on a first amended complaint ("FAC") filed August 7, 2012 seeking damages pursuant to 26 U.S.C. § 7431 against

1

1  the Internal Revenue Service ("IRS") for wrongful disclosure in violation of 26 U.S.C.

2  § 6103(a).¹  Plaintiff alleges the IRS disclosed information to plaintiff's Certified Public

3  Accountant ("CPA") Richard Holland without plaintiff's consent.

4        Generally, the FAC concerns the actions of the IRS and its agents Anthony Shelly

5  and Siu Chan in connection with a continuing tax audit of plaintiff.²  Plaintiff alleges that the

6  IRS had "previously ordered Plaintiff for examinations of schedule F filings on numerous

7  occasions," and "decided to renew their examination."  FAC ¶ 1.  Plaintiff then alleges that on

8  December 14, 2010, he granted permission for his accountants Holland and Necia Wollerman,

9  CPA, to represent him; both were given power of attorney to contact and complete the audit.  Id.

10  Plaintiff identifies Wollerman as a CPA, but it is unclear who this person is or what role he or

11  she played in the events alleged in the FAC.

12        Plaintiff claims that Shelly and Chan requested voluminous records in connection

13  with the audit.  See FAC ¶ 1.  Because of the volume of documents requested, plaintiff decided

14  to represent himself before the IRS.  Id.  Accordingly, he advised the IRS, through a letter to

15  Chan dated April 7, 2011, that Holland was no longer representing plaintiff, that the power of

16  attorney previously granted to Holland had been rescinded, that plaintiff would be representing

17  himself, and that plaintiff should be the only person contacted by the IRS in connection with the

18  audit.  See id. ¶¶ 1-2.

19        Plaintiff alleges that on or about June 6, 2011, he received an e-mail from Holland

20  indicating that Holland had been contacted by Shelly.  FAC ¶ 3.  In response to Shelly's contact

---

[1] Plaintiff's original complaint was dismissed following adjudication of the IRS's motion for judgment on the pleadings, ECF No. 23; defendant Anthony Shelly's motion to dismiss, ECF No. 14; and the IRS's motion to dismiss Doe defendants, ECF No. 21.

[2] This case is related to, but not consolidated with, the matter of Huene v. U.S. Department of the Treasury, Internal Revenue Service, et al., No. 2:11-cv-2109 JAM AC PS (E.D. Cal.), which concerned plaintiff's Freedom of Information Act requests filed in connection with the same tax audit at issue in this case.  That action was dismissed on October 10, 2012 on grant of the IRS's motion for summary judgment.

2

with Holland, plaintiff again advised the IRS, in a letter dated June 7, 2011, that plaintiff had completely rescinded Holland's authority to represent plaintiff, that plaintiff was representing himself, that Shelly's contact with Holland was an unlawful disclosure of tax information in violation of 26 U.S.C. § 6103(a)[3], and that plaintiff was being billed by Holland for Shelly's unauthorized contact with Holland. See id. ¶ 4.

By letter dated June 7, 2011, plaintiff informed Shelly that plaintiff was giving him "the opportunity to deny that [Shelly's] actions were willful, wanton, or malicious," but Shelly never responded to this letter. FAC ¶ 6.

By letter dated June 11, 2011, plaintiff told Shelly "that the only inference that could possibly be drawn [from Shelly's non-responsiveness to the June 7, 2011 letter] was a silent admission to the willful, wanton, and malicious conduct."

Plaintiff alleges that as a result of Shelly's unlawful actions, he has sustained monetary damages.

B.  The Subpoenas Duces Tecum

On October 3, 2012, plaintiff served defense counsel with two subpoenas duces tecum scheduling a deposition for Anthony Shelly on November 15, 2012 (Role Decl., Ex. A)

---

[3] In relevant part, Internal Revenue Code § 6103(a), 26 U.S.C. § 6103(a), provides:

**(a) General rule.**--Returns and return information shall be confidential, and except as authorized by this title--

   (1) no officer or employee of the United States,

. . .

shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section. For purposes of this subsection, the term "officer or employee" includes a former officer or employee.

The Internal Revenue Code authorizes a taxpayer whose return or return information was disclosed in violation of 26 U.S.C. § 6103(a) to "bring a civil action for damages against the United States in a district court of the United States." 26 U.S.C. § 7431(a)(1).

1  and a deposition for Siu Chan on November 30, 2012 (id., Ex. B).

2        On October 29, 2012, plaintiff contacted Ms. Oliver to confirm that Shelly would
3  appear at the deposition because plaintiff was being asked to make a non-refundable deposit in
4  preparation for the deposition. Pl.'s Mot. to Compel, Ex. 4.

5        On October 31, 2012, this case was re-assigned from Ms. Oliver to AUSA Gerald
6  Role. Role Decl. ¶ 2. At this time, Mr. Role first became aware of the subpoenas. Role Supp.
7  Decl. ¶ 3.

8        On November 1, 2012, Mr. Role, emailed plaintiff to let him know that the IRS
9  had issues with the subpoenas and was preparing a formal objection. Role Decl., Ex. C at 5. He
10 also advised plaintiff to cancel any deposition services for which he had arranged in light of the
11 dispute concerning the subpoenas. Id.

12       On November 2, 2012, defense counsel served formal objections to the subpoenas
13 on plaintiff. See Role Decl., Ex. D (as to Shelly) and Ex. E (as to Chan).

14       On November 14, 2012, the IRS filed its motion to quash / motion for protective
15 order and motion to stay discovery. ECF No. 45. Neither Shelly nor Chan appeared at their
16 scheduled depositions.

17       On November 15, 2012, plaintiff filed a motion to compel and motion for
18 sanctions.

19 B.    The Parties' Motions

20     1.    The IRS's November 14, 2012 Motion for Protective Order

21       The IRS seeks a stay or deferral of discovery until after their soon-to-be-filed
22 motion for summary judgment is adjudicated. The IRS argues that plaintiff's claim here is only
23 that Shelly made unauthorized disclosures to plaintiff's accountant after receiving notice by
24 letter that plaintiff revoked his accountant's power of attorney. The IRS admits that it received
25 plaintiff's letter, but asserts that the letter did not constitute a revocation of the power of
26 attorney. Accordingly, the IRS argues that only legal questions remain.

4

As to the subpoenas, the IRS seeks to have them quashed on the grounds that (1) they seek documents not in the possession of or under the control of either Shelly or Chan, see 26 C.F.R. § 301.9000-1(a); (2) the discovery sought is outside the scope of the claims asserted in the complaint; and (3) because the FAC alleges only unlawful disclosures on the part of Shelly, not Chan, the subpoena directed to Chan is not reasonably calculated to lead to the discovery of admissible evidence.

        2.        Plaintiff's November 15, 2012 Motion to Compel

Plaintiff argues that the IRS improperly canceled the depositions without adequate notice to plaintiff and in violation of the law. Plaintiff seeks an order compelling Shelly and Chan to appear at a deposition. He also seeks reimbursement for cancellation fees that he had to pay to the court reporter ($150), the videographer ($330), and an attorney whom plaintiff invited to assist him ($1,500).

## DISCUSSION

A.      Plaintiff's Motion to Compel

Plaintiff seeks an order compelling Shelly and Chan to appear at newly-scheduled depositions, and sanctions for fees incurred for their failure to appear at their previously-scheduled depositions.

Generally, unless a party or witness files a motion for a protective order and seeks and obtains a stay *prior* to the deposition, a party or witness has no basis to refuse to attend a properly noticed deposition. See Pioche Mines Consol., Inc. v. Dolman, 333 F.2d 257, 269 (9th Cir. 1964), cert. denied, 380 U.S. 956 (1965) ("Counsel's view seems to be that a party need not appear if a motion under Rule 30(b), Fed. R. Civ. P. [now 26(c)] is on file, even though it has not been acted upon. Any such rule would be an intolerable clog upon the discovery process. Rule [26(c)] places the burden on the proposed deponent to get an order, not just to make a motion. And if there is not time to have his motion heard, the least that he can be expected to do is to get an order postponing the time of the deposition until his motion can be heard."); 8A Wright,

Miller & Marcus, Federal Practice and Procedure § 2035 (3d ed. 2012) ("At least with regard to depositions, the [protective] order should ordinarily be obtained before the date set for the discovery, and failure to move at that time has been held to preclude objection later [.]") (footnote omitted); Schwarzer, Tashima & Wagstaffe, Cal. Practice Guide: Fed. Civ. Pro. Before Trial ¶ 11:1166 (The Rutter Group 2012) ("A party served with a deposition notice or discovery request must obtain a protective order (e.g., a stay of the deposition pending hearing on the motion) before the date set for the discovery response or deposition. The mere fact that a motion for protective order is pending does not itself excuse the subpoenaed party from making discovery[.]") (italics in original); Koninklike Philips Elec. N.V. v. KXD Tech., Inc., 2007 WL 3101248, at *18 (D. Nev. 2007), appeal dismissed, 539 F.3d 1039 (9th Cir. 2008) ("Absent a protective order or an order staying the deposition, the party, including its officers or Rule 30(b)(6) deponents, is required to appear for a properly noticed deposition."); see also Albert v. Starbucks Coffee Co., 213 F. App'x 1, 1 (D.C. Cir.), cert. denied, 551 U.S. 1118 (2007) (unpublished per curiam order) ("Appellant cites no supporting authority for the proposition that the mere filing of a motion for protective order *requires* the court to excuse a party's failure to obey a court order compelling attendance at a deposition.  Indeed, the published authority addressing the issue suggests the contrary.") (italics in original).

Here, the record is clear that there was no motion to stay the depositions.[4]   It is also evident that defendant was unsuccessful in obtaining from plaintiff a Rule 29 agreement to reschedule them[5] pending a ruling on defendant's motion for protective order, which was filed

---

[4] Nothing prohibited defendant from filing an ex parte application to stay the depositions pending the resolution of a motion for protective order.

[5] Under Rule 29 of the Federal Rules of Civil Procedure, "the parties may stipulate that: (a) a deposition may be taken before any person, at any time or place, on any notice, and in the manner specified ...; and [¶] (b) other procedures governing or limiting discovery be modified-but a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery, for hearing a motion, or for trial."

6

the day before Shelly's November 15, 2012 deposition.  Accordingly, Shelly and Chan's failure to appear at their properly-noticed depositions was improper.

Plaintiff seeks contempt sanctions for the costs associated with Shelly's missed deposition.[6]  Rule 45(e) of the Federal Rules of Civil Procedure provides that a "court may hold in contempt a person who, having been served, fails without adequate excuse to obey [a] subpoena." Fed. R. Civ. Proc. 45(e). "Even though subpoenas are issued by attorneys, they are issued on behalf of the Court and should be treated as orders of the Court." Higginbotham v. KCS Int'l, Inc., 202 F.R.D. 444, 455 (D. Md. 2001) (citing Advisory Committee Notes to Rule 45(a) ("Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act of defiance of a court order and exposes the defiant witness to contempt sanctions")); Halawani v. Wolfenbarger, 2008 WL 5188813, *7 (E.D. Mich. Dec. 10, 2008) (same).

Because the court deems that sanctions are warranted for Shelly and Chan's failure to appear at their depositions, and because their failure to appear was based on the advice of defense counsel, the court will direct defendant to reimburse plaintiff for fees associated with Shelly's missed deposition.  These fees shall be limited to $150 for retaining the services of a court reporter and $330 for retaining the services of a videographer.  Defendant will not be directed to cover the expenses of the attorney hired by plaintiff to assist him during the depositions.

B.    Defendant's Motion to Quash / Motion for Protective Order / Motion to Stay Discovery

The IRS seeks to have the subpoenas duces tecum quashed on the grounds that (1) they seek documents not in the possession of or under the control of either Shelly or Chan, see 26 C.F.R. § 301.9000-1(a); (2) the discovery sought is outside the scope of the claims asserted in the complaint; and (3) because the FAC alleges only unlawful disclosures on the part of Shelly,

---

[6] Plaintiff is not seeking fees associated with Chan's missed deposition.

7

not Chan, the subpoena directed to Chan is not reasonably calculated to lead to the discovery of admissible evidence.

Rule 45 of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena commanding a non-party to attend and testify; produce designated documents, electronically stored information, or tangible things in that non-party's possession, custody or control; or permit the inspection of premises. Fed. R. Civ. P. 45(a)(1) (A)(iii). The scope of discovery through a Rule 45 subpoena is the same as that applicable to Federal Rule of Civil Procedure 34 and the other discovery rules. Fed. R. Civ. P. 45 advisory committee's note (1970).

1.  Defendant's Objections Were Untimely

Rule 45 provides that written objection to a subpoena commanding the production of documents "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(c)(2)(B). The failure to serve written objections to a subpoena within the time specified by Rule 45(c)(2)(B) typically constitutes a waiver of such objections. McCoy v. Southwest Airlines, Co., 211 F.R.D. 381, 385 (C.D. Cal. 2002).

Here, plaintiff served the subpoenas duces tecum on October 3, 2012. At the hearing on this matter, counsel for the IRS represented that the subpoenas were not received until October 11, 2011. Yet the IRS also admits that it did not serve formal objections until November 2, 2012, well over the 14-day time period for filing such objections. The IRS's objections to the subpoenas duces tecum accordingly were untimely, which may constitute waiver. See McCoy, 211 F.R.D. at 385.

Nonetheless, "'[i]n unusual circumstances and for good cause, . . . the failure to act timely will not bar consideration of objections [to a Rule 45 subpoena].'" American Electric Power Co. v. United States, 191 F.R.D. 132, 136 (S.D. Oh. 1999) (quoting Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 48 (S.D.N.Y.1996)); In re Motorsports Merchandise

8

1  Antitrust Litigation, 186 F.R.D. 344, 349 (W.D. Va. 1999); Alexander v. Federal Bureau of
2  Investigation, 186 F.R.D. 21, 34 (D.D.C. 1998).  Courts have found unusual circumstances
3  where, for instance, the subpoena is overbroad on its face and exceeds the bounds of fair
4  discovery and the subpoenaed witness is a non-party acting in good faith.  McCoy v. Southwest
5  Airlines Co., Inc., 211 F.R.D. 381, 385 (C.D. Cal. 2002); American Electric Power Co., 191
6  F.R.D. at 136-37; Alexander, 186 F.R.D. at 34; Concord Boat Corp., 169 F.R.D. at 48.

7        The subpoenas duces tecum issued in this care are unquestionably overbroad.
8  They seek, inter alia, Shelly and Chan's resumes, "[a] list of all publications, articles, or
9  seminars that [Shelly and Chan] has authored or participated in regarding any and all subject
10 matters concerning which the witness intends to offer testimony," and "[a]ny forensic evidence
11 instrumentalities or parts thereof which [Shelly and Chan] possesses and/or which [Shelly and
12 Chan] has inspected, referred to, and/or relied upon in coming to any opinion and/or conclusions
13 in this matter, including but not limited to reasons he acted or failed to act while decisions were
14 made concerning the Plaintiff in this case."  See Rope Decl., Ex. A.  None of these requested
15 documents are relevant to the question of whether the IRS wrongfully disclosed information to
16 plaintiff's accountant.  The overbreadth of the subpoenas duces tecum is even more apparent for
17 Chan because the only allegation as to this person is that plaintiff mailed a letter to her on April
18 7, 2011, the receipt of which the IRS has already admitted.  Plaintiff does not allege that Chan
19 wrongfully disclosed information to plaintiff's accountant.  Thus, in light of the overbroad nature
20 of the subpoenas served by plaintiffs on Shelly and Chan, the court finds the government's
21 objections to the subpoena have not been waived.

22     2.    <u>Merits of Defendant's Motion to Quash / Motion for Protective Order</u>
23       Rule 45(c)(3)(A) sets forth the bases for a court to quash or modify a subpoena.
24 In particular, it provides:
25     [o]n timely motion, the court by which a subpoena was issued shall quash or
    modify the subpoena if it
26

9

    (i) fails to allow reasonable time for compliance;

    (ii) requires a person who is not a party . . . to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business . . ., or

    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

    (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A).

        Here, the IRS moves to quash the subpoenas on the grounds that the documents are not in the possession of or under the control of either Shelly or Chan, and the discovery sought is outside the scope of the claims asserted in the FAC.

        Turning to the first ground to quash the subpoena, the IRS relies on its regulation 26 C.F.R. § 301.9000-1 to argue that neither Shelly nor Chan have in their possession or under their control the documents sought. This regulation provides, in relevant part:

> IRS records or information means any material (including copies thereof) contained in the files (including paper, electronic or other media files) of the Internal Revenue Service (IRS), any information relating to material contained in the files of the IRS, or any information acquired by an IRS officer or employee, while an IRS officer or employee, as a part of the performance of official duties or because of that IRS officer's or employee's official status with respect to the administration of the internal revenue laws or any other laws administered by or concerning the IRS. IRS records or information includes, but is not limited to, returns and return information as those terms are defined in section 6103(b)(1) and (2) of the Internal Revenue Code (Code), . . . , and personnel records and other information pertaining to IRS officers and employees. . . .

        The court notes first that, on its face, this provision does not limit the production of documents responsive to a discovery requests. Next, the court notes that the IRS has provided only three sentences in support of its argument that neither Shelly nor Chan are in possession of or control of the documents sought by plaintiff. Nowhere in these three sentences does the IRS explain the purpose of this regulation, how it applies to this case, or how other courts have treated this regulation in similar contexts. For this reason, the motion to quash should be denied

10

insofar as it relies on the cited regulation.

The government's second ground to quash the subpoenas, though also presented hastily, provides ample justification to quash the subpoenas. This is because, as discussed above, the requests are overbroad and are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.

In his November 15, 2012 motion to compel, which also served as plaintiff's opposition to defendant's motion to quash, plaintiff maintains that the motion to quash is "moot" as to the requests for documents because of defendant's position that such documents are not in Shelly's or Chan's possession. Because the court did not address the merits of the IRS's first ground for relief for lack of adequate briefing, that matter is not moot.

Next, in his January 24, 2013 Supplemental Declaration, filed in response to defense counsel's January 23, 2013 Supplemental Declaration, plaintiff argues that Shelly's and Chan's testimony, as well as the document requests, are necessary because the claims in this case turn on matters other than the narrow question whether the April 7, 2011 letter to Chan constituted a revocation of the power of attorney. According to plaintiff,

> [that letter was] "NOT the ONLY revocation. The revocation was given to each of the deponents at other times, under other circumstances, and in other forms. That alone allows Plaintiff Huene to seek the testimony sought and documents requested to further the inquiry on the ultimate factual and legal issues pending before this Court. The allegations of disclosure in the pleadings on the part of Agent Shelly and not Chan in no way limits an inquiry of the issue of cancellation of the power of attorney in direct dealings with Agent Chan.

ECF No. 54, p.2.

In his briefs, plaintiff does not specify at what "other times" or under what "other circumstances or in what "other forms" he conveyed his revocation of his power of attorney to either Shelly or Chan. In response to a question posed by the court at the hearing on his motion, plaintiff admitted only one other time in which he expressed his intent to revoke the power of attorney – during a February 2011 telephone conversation with Chan.

11

1    For the reasons stated, the court will grant the defendants' motion to quash on the
2 ground that the document requests are overbroad. The motion to quash is denied as to the
3 portion of the subpoenas directing Shelly and Chan to provide testimony.
4    3.    Defendant's Motion to Stay Discovery
5    The IRS also seeks a stay of discovery pending disposition of the IRS's
6 anticipated motion for summary judgment concerning plaintiff's claim that the IRS wrongfully
7 disclosed information to plaintiff's accountant. This motion has not yet been filed.
8    Plaintiff opposes the motion on the ground that he needs facts regarding what
9 Shelly and Chan knew about the revocation, how it was conveyed to them, and what they relied
10 on when contacting plaintiff's accountant.
11    The Federal Rules of Civil Procedure do not provide for automatic or blanket
12 stays of discovery when a potentially dispositive motion is pending. Skellercup Indus. Ltd. v.
13 City of L.A., 163 F.R.D. 598 600-01 (C.D. Cal. 1995) (finding that a stay of discovery is directly
14 at odds with the need for expeditious resolution of litigation. Ordinarily a pending dispositive
15 motion is not "a situation that in and of itself would warrant a stay of discovery." See Turner
16 Broadcasting System, Inc. v. Tracinda Corp., 175 F.R.D. 554, 555-56 (D. Nev. 1997) (quoting
17 Twin City Fire Ins. v. Employers Insurance of Wausau, 124 F.R.D. 652, 653 (D. Nev. 1989)).
18 Common examples of situations warranting a stay of discovery are those with preliminary issues
19 of jurisdiction, venue, or immunity. Id. Ultimately, the party seeking the stay "carries the heavy
20 burden of making a 'strong showing' why discovery should be denied." Id. (citing Blankenship
21 v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).
22    Courts have broad discretionary power to control discovery including the decision
23 to allow or deny discovery. See e.g., Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988).
24 The power to stay proceedings is incidental to "the power inherent in every court to control the
25 disposition of the cases on its docket with economy of time and effort for itself, for counsel, and
26 for litigants. Landis v. North American Co., 299 U.S. 248, 254 (1936). An overly lenient

standard for granting motions to stay discovery due to pending dispositive motions would result in unnecessary delay in many cases. That discovery may involve inconvenience and expense is not sufficient to support a stay of discovery. Turner Broadcasting, 175 F.R.D. at 556. Rather, a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief. See Tradebay, LLC v. eBay, Inc., 278 F.R.D. 597, 603 (D. Nev. 2011). This often requires a magistrate judge to take a "preliminary peek" at the motion that is pending before the district judge. Id.

Defendant argues that a stay of discovery is warranted because there exists only a legal question of whether plaintiff's April 7, 2011 letter to Chan constituted a revocation of plaintiff's power of attorney. Because this is not an issue that addresses this court's jurisdiction, the propriety of venue here, or whether there exists an immunity defense, it does not appear that a stay of discovery is warranted. If the IRS wants to file its motion for summary judgment for quick resolution of this case, it should do so as soon as possible.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 15, 2012 motion to compel is granted in part. ECF No. 46. Defendant shall reimburse plaintiff for the fees associated with Shelly's missed deposition in the amount of $150 for a court reporter and $330 for a videographer. Payment shall be made within ten days from the date of this order. Shelly and Chan are directed to appear at and testify at their respective depositions to be scheduled at a time convenient for all involved individuals.

2. Defendant's November 14, 2012 motion for protective order is granted in part. ECF No. 45. The subpoenas are quashed to the extent they request production of documents because those requests are overbroad.

/////
/////
/////
/////

3. Defendant's request to stay discovery is denied.

DATED: January 30, 2013.

*(signature)*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;huen2110.disc